FILED
IN CLERKS OFFICE

2022 JUN 27 PM 3: 56

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

SUELY ALVES

   Plaintiff                         Civil Action No.

    V.

Defendants

Trans Union, LLC et al

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt
   Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Credit
   Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA"), the Massachusetts
   Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MGL 93a") and
   Massachusetts Debt Collection Regulations, 940 CMR § 7.00 et seq.
   ("MDCR").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the
   Defendants transact business in this District and a substantial portion of the
   acts giving rise to this action occurred in this District.

1

## PARTIES

4. Plaintiff ("Suely Alves" and or My")   is an adult individual residing in Dorchester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debt that Defendants sought to collect from Plaintiff was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5) and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in Massachusetts and has a principal place of business located at 555 West Adams Street, Chicago, IL, 60661.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in Massachusetts and has a place of business located at 475 Anton Boulevard Costa Mesa 92626.

7. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in Massachusetts and has a place of business located at 1550 Peach St, N.W Atlanta, GA 30309.

2

8. Defendant Midland Funding LLC ("MF") is a business entity with a principal place of business located at 350 Camino De La Reina Suite 300, San Diego, CA 92108 which regularly conducts business in Massachusetts.

9. Defendant Midland Credit Management Inc. ("MC")  is a business entity with a principal place of business at 350 Camino De La Reina Suite 300, San Diego, CA 92108 which regularly conducts business in Massachusetts

10. Defendant Encore Capital Group Inc. ("Encore") is a business entity with a principal place of business at 350 Camino De La Reina Suite 300, San Diego, CA 92108  that regularly conducts business in Massachusetts

11. Defendant Portfolio Recovery Associates ("Portfolio") is a "debt collector" as defined by 15 U.S.C.1681a(6) and a for-profit corporation that has its principal place of business located at 120 Corporate Blvd, STE 100, Norfolk, VA 23502 and is operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12. The inaccurate information on Plaintiff's credit reports includes, but is not limited to accounts with Transunion, Experian, and Equifax and personal identifying information (hereafter the "inaccurate information").

3

13. My previous address was 42 Webster Avenue, Woburn, Ma 01801-1553 my current address is 19 Ceylon Street, Apt 2 Dorchester, Ma 02125

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's creditworthiness, the inaccurate information consists of inaccurate statements and personal information, due to Defendants TransUnion, Experian, and Equifax's faulty procedures plaintiff has been denied credit, multiple apartments, car loans and pay high-interest rates.

15. All Defendants have been reporting the inaccurate information on the plaintiff's credit reports, through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least December 2019 to the present.

16. Plaintiff has disputed the inaccurate information with all defendants by following their established procedures on several occasions and even appealed their decisions to confirm the bogus accounts belonged to the plaintiffs.

4

17. Plaintiff has disputed the inaccurate information with all defendants as early as December 2019 to the present. Notwithstanding Plaintiff's efforts, all defendants have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and they have continued to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.

18. Defendants Transunion Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least June 2020 to the present.

19. Despite Plaintiff's exhaustive efforts to date, all Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their reinvestigations to all credit reporting agencies and have continued to report the derogatory inaccurate information about the Plaintiff.

20. Defendants MC, MF, and Portfolio failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully

continued to report such inaccurate information to various credit reporting

agencies, and have failed to mark the account as disputed.

21. In or around December 2019 Plaintiff disputed an account on her Trans

Union Credit Report and the defendants Trans union verified the

nonexistent account belong to the plaintiff and that defendant Midland

Credit managers were the owners of the account causing the plaintiff to get

denied several lines of credit and apartments for the last two years (24

Months).

22. Plaintiff pulled her consumer credit report from December 2019 until June

2022 and still saw defendants still reporting inaccurate information and

MCM, and Portfolio pulled my credit report multiple times without a

permissible purpose which is contrary to the FDCPA, FCRA, and MGL 93a.

23. Plaintiff has never applied for credit from any of the defendant's MC, MF,

Encore or Portfolio does not have any business relationship with these

defendants.

24. All Defendants participated and acted in concert to collect a non-existing

debt from the plaintiff without any account level documents, which was

contrary to the Consent order they signed with the Consumer Financial

Protection Bureau in 2015 and 2020.

25. Defendants MC, MF, Encore, and Portfolio falsely represented that they had

original documentation establishing the existence of the debts and failure to

"substantiate" the debt and "prove that any one of the Defendants is the

holder in due course to collect the alleged Debt.

26. Defendants MC, MF, Encore, and Portfolio did not properly validate the debt

and they had no legal standing to bring a claim as they have not been honest

and forthright in their pursuit when presenting themselves as the attorney

of record but communicated as a collection agency for their own benefit.

27. Plaintiff's credit reports and file have been obtained from Defendants

Transunion, Equifax and, Experian and have been reviewed by prospective

and existing credit grantors and extenders of credit, and the inaccurate

information has been a substantial factor in precluding Plaintiff from

receiving credit offers and opportunities, known and unknown. Plaintiff's

credit reports have been obtained from Defendants by such third parties

from at least January 2020 to the present.

28. As a result of all Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, credit defamation, and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

29. At all times pertinent hereto, the conduct of all Defendants, as well as that of its agents, servants, and/or employees, was intentional, willful, reckless, and grossly negligent in disregard of Federal and State law.

30. Plaintiff has suffered a concrete and particularized 'injury in fact' by being denied credit, apartments, and paying higher interest rates, plaintiff has also suffered actual injuries in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment, and humiliation plaintiff has suffered a Concrete particularized actual injury and has Article III standing.

31. Defendants MC, MF, Encore, and Portfolio conduct their debt collection business in flagrant violation of the FDCPA, FCRA, and MGL 93a by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

32. The Plaintiff is a "debtor" as defined by 940 CMR § 7.03. allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") and a consumer under the FDCPA, FCRA, and MGL 93a.

33. The Debt arose from the original Creditor which was primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

34. The Debt was purchased, assigned, or transferred to Defendants MF, MC, Encore and Portfolio for collection, or Defendants were employed by the Creditor to collect the Debt.

35. All the Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

36. Defendants failed to validate the debt and continued sending demands for payment through the mail.

37. The Consumer Financial Protection Bureau sued all defendants and some of its subsidiaries in the last few years for deceiving consumers and failing to thoroughly and properly investigate consumers' accounts and credit reports and has a pending complaint for repeated violation of the FCRA and the consent order that was signed by all defendants.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## DEFENDANTS
## MC, MF, ENCORE, AND PORTFOLIO

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

40. All Defendants' conduct was so outrageous in character, and so extreme indegree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

    utterly intolerable in a civilized community.

41. All Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff.

42. All Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

43. All Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt.

44. All Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

45. All Defendants' conduct violated 15 U.S.C. § 1692f in that the Defendants used unfair and unconscionable means to collect a debt.

46. The foregoing acts and omissions of all the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions, Plaintiff is entitled to damages as a result of Defendants' violations.

47. Defendants, MCM, Encore, Portfolio, and Midland by reporting an "alleged" debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

48. All Defendants failed after initiating the first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which constitutes a violation of the FDCPA 15 U.S.C. § 1692g(a)(1),2),(3),(4),(5).

49. Defendants, MCM, MC, Portfolio made a false representation to the three Consumer Reporting Agencies, Equifax, Experian, and Trans Union on multiple occasions as to the character, amount or legal status of an alleged debt which results in a violation of the FDCPA, 15 U.S.C. § 1692e(2).

50. The FDCPA requires that a "debt collector" cease collection efforts until the debt is validated if a consumer has demanded such in a timely manner. All Defendants, blatantly ignored Plaintiff's timely demand for validation and are still engaging in collection actions, resulting in multiple violations of 15 U.S.C. 1692g (b).

51. Defendants, MCM, Portfolio, after refusing to respond to the plaintiff's demand for validation harassed me with dunny letters and reported inaccurate discrepancies to Transunion, Experian, and or Equifax since on or about December 2019 which is contrary to the FDCPA.


## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, et seq.
## ALL DEFENDANTS

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

54. All Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

55. Under MGL 93 plaintiff does not have to write defendants a MGL 93a demand letter because they are not located in Massachusetts (offices) and have no assets in this state.

56. All Defendants failed to correct Plaintiff's credit report when it had proof to do so and refused to validate Plaintiff's FDCPA request.

57. Defendants Transunion, Experian, and Equifax failed to perform a proper investigation and have repeatedly published and disseminated consumer reports to such third parties from at least January 2019 to the present.

58. Defendant Transunion, Experian, and Equifax violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

59. All Defendants acted in concert to erroneously reported on the plaintiff's credit report and caused the plaintiff to be denied credit and reduced my credit score.

60. All Defendants have damaged the plaintiff's credit rating.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681,esq
## WILLFUL NON-COMPLIANCE BY
## DEFENDANTS MC, MF, ENCORE, AND PORTFOLIO

61. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

62. All Defendants, therefore, in violation of the FCRA 15 U.S.C. § 1681b as an

indirect consequence of, its decision to have obtained Plaintiff's credit

report without a permissible purpose.

63. All Defendants are directly and equally responsible for the cumulative

separate violations of FCRA 15 U.S.C. § §1681n and 15 U.S.C. §1681o failing

to comply with the requirements imposed on a consumer reporting agency

of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

64. All Defendants have continuously reported information that they knew to be

false and inaccurate to all three credit reporting agencies, Equifax, Experian,

and Trans Union in blatant violation of the FCRA 15 U.S.C. § 1681.

65. To date all defendants have committed several violations of the FCRA to the

best of the plaintiff's knowledge, Further violations may be identified during the

discovery process.

14

66.At no time has MCM, MC, Encore, and Portfolio ever provided any valid justification they may have had for reporting false information to the credit reporting agencies even though the plaintiff made a timely demand that they do so. Defendants had a duty to properly ascertain if there was any legitimate account belonging to the plaintiff before reporting such information to the credit reporting agencies.

67.All Defendants breached said duty, there was no account that the defendants had any right to collect to have had lawful standing and authority to report on the plaintiff's credit reports and therefore the plaintiff is entitled to damages for breach of said duty.

68.Plaintiff made multiple attempts to dispute and provided many opportunities for MCM, MC, Encore, and Portfolio to engage in mitigation of damages and reach a settlement for their violations before taking civil action against them. Plaintiff was not able to settle this matter with MCM, MC, Encore, or Portfolio, prior to litigation however it was not for lack of trying.

## COUNT IV
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, EQUIFAX, EXPERIAN, AND TRANSUNION

69.Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. At all times pertinent hereto, Defendants was a "person" and "consumer reporting agency" as those terms are defined by FCRA 15 U.S.C. § 1681a(b) and (f).

71. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by FCRA 15 U.S.C. § 1681a(c).

72. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by FCRA 15 U.S.C. § 1681a(d).

73. Pursuant to FCRA 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to FCRA 15 U.S.C. § 1681e(b) and 1681i.

74. Defendants violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to FCRA 15 U.S.C. §1681s-2(b).

75. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants is liable to Plaintiff for the full amount of statutory, actual and punitive

16

damages, along with the attorney's fees and the costs of litigation, as well as

such further relief, as may be permitted by law.


## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against

all the Defendants, based on the following requested relief:

**(a)** Actual damages;

**(b)** Statutory damages;

**(c)** Punitive damages;

**(d)** Costs and reasonable attorney's fees pursuant to FDCPA 15 U.S.C.

§1692k(a)(2)(A) , FDCPA 15 U.S.C. § 1692k(a)(3),

**(e)** FCRA 15 U.S.C. §§ 1681n, §1681s-2(b) and 1681o.

**(f)** Double or treble damages plus reasonable attorney's fees pursuant to

M.G.L.c. 93A § 9(3) for each defendant;

and **(g)** Such other and further relief as may be necessary, just, and proper.

Suely Alves   /s/ Suely Alves                              June 25, 2022

19 Ceylon Street, Apt 2

Dorchester, Ma 02125

339-208-4775

Suelyalves0531@gmail.com