## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (BOSTON)

SUELY ALVES,                                      CASE NO.  1:22-cv-11015-LTS
               Plaintiff,

     vs.

TRANS UNION, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC;
EQUIFAX INFORMATION SERVICES,
LLC.; MIDLAND FUNDING LLC; MIDLAND
CREDIT MANAGEMENT INC.; ENCORE
CAPITAL GROUP, INC.; and PORTFOLIO
RECOVERY ASSOCIATES;
               Defendants.

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MGL 93a") and Massachusetts Debt Collection Regulations, 940 CMR § 7.00 et seq. ("MDCR").

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.      Plaintiff ("Suely Alves" and or My") is an adult individual residing in Dorchester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debt that Defendants sought to collect from Plaintiff was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5) and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in Massachusetts and has a principal place of business located at 555 West Adams Street, Chicago, IL, 60661.

**ANSWER:**    Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

6.    Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in Massachusetts and has a place of business located at 475 Anton Boulevard Costa Mesa 92626.

**ANSWER:**    Trans Union admits that Experian is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

7.    Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in Massachusetts and has a place of business located at 1550 Peach St, N.W Atlanta, GA 30309.

**ANSWER:**    Trans Union admits that Equifax is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8.    Defendant Midland Funding LLC ("MF") is a business entity with a principal place of business located at 350 Camino De La Reina Suite 300, San Diego, CA 92108 which regularly conducts business in Massachusetts.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.      Defendant Midland Credit Management Inc. ("MC") is a business entity with a principal place of business at 350 Camino De La Reina Suite 300, San Diego, CA 92108 which regularly conducts business in Massachusetts

**ANSWER:**      Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.      Defendant Encore Capital Group Inc. ("Encore") is a business entity with a principal place of business at 350 Camino De La Reina Suite 300, San Diego, CA 92108 that regularly conducts business in Massachusetts

**ANSWER:**      Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.      Defendant Portfolio Recovery Associates ("Portfolio") is a "debt collector" as defined by 15 U.S.C.1681a(6) and a for-profit corporation that has its principal place of business located at 120 Corporate Blvd, STE 100, Norfolk, VA 23502 and is operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

**ANSWER:**      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12.     The inaccurate information on Plaintiff's credit reports includes, but is not limited to accounts with Transunion, Experian, and Equifax and personal identifying information (hereafter the "inaccurate information").

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.     My previous address was 42 Webster Avenue, Woburn, Ma 01801-1553 my current address is 19 Ceylon Street, Apt 2 Dorchester, Ma 02125

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's creditworthiness, the inaccurate information consists of inaccurate statements and personal information, due to Defendants TransUnion, Experian, and Equifax's faulty procedures plaintiff has been denied credit, multiple apartments, car loans and pay high-interest rates.

**ANSWER:**     Trans Union denies that it violated the FCRA (or any other law).   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.    All Defendants have been reporting the inaccurate information on the plaintiff's credit reports, through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least December 2019 to the present.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16.    Plaintiff has disputed the inaccurate information with all defendants by following their established procedures on several occasions and even appealed their decisions to confirm the bogus accounts belonged to the Plaintiff's.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.    Plaintiff has disputed the inaccurate information with all defendants as early as December 2019 to the present.  Notwithstanding Plaintiff's efforts, all defendants have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information

and they have continued to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18.   Defendants Transunion Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least June 2020 to the present.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19.   Despite Plaintiff's exhaustive efforts to date, all Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their reinvestigations to all credit reporting agencies and have continued to report the derogatory inaccurate information about the Plaintiff.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20.     Defendants MC, MF, and Portfolio failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the account as disputed.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21.     In or around December 2019 Plaintiff disputed an account on her Trans Union Credit Report and the defendants Trans union verified the nonexistent account belong to the plaintiff and that defendant Midland Credit managers were the owners of the account causing the plaintiff to get denied several lines of credit and apartments for the last two years (24 Months).

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.     Plaintiff pulled her consumer credit report from December 2019 until June 2022 and still saw defendants still reporting inaccurate information and MCM, and Portfolio pulled my credit report multiple times without a permissible purpose which is contrary to the FDCPA, FCRA, and MGL 93a.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

23.     Plaintiff has never applied for credit from any of the defendant's MC, MF, Encore or Portfolio does not have any business relationship with these defendants.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.     All Defendants participated and acted in concert to collect a non-existing debt from the plaintiff without any account level documents, which was contrary to the Consent order they signed with the Consumer Financial Protection Bureau in 2015 and 2020.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25.     Defendants MC, MF, Encore, and Portfolio falsely represented that they had original documentation establishing the existence of the debts and failure to "substantiate" the debt and "prove that any one of the Defendants is the holder in due course to collect the alleged Debt.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.     Defendants MC, MF, Encore, and Portfolio did not properly validate the debt and they had no legal standing to bring a claim as they have not been honest and forthright in their pursuit when presenting themselves as the attorney of record but communicated as a collection agency for their own benefit.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27.     Plaintiff's credit reports and file have been obtained from Defendants Transunion, Equifax and, Experian and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.  Plaintiff's credit reports have been obtained from Defendants by such third parties from at least January 2020 to the present.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28.     As a result of all Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, credit defamation, and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.     At all times pertinent hereto, the conduct of all Defendants, as well as that of its agents, servants, and/or employees, was intentional, willful, reckless, and grossly negligent in disregard of Federal and State law.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.     Plaintiff has suffered a concrete and particularized 'injury in fact' by being denied credit, apartments, and paying higher interest rates, plaintiff has also suffered actual injuries in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment, and humiliation plaintiff has suffered a Concrete particularized actual injury and has Article III standing.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31.     Defendants MC, MF, Encore, and Portfolio conduct their debt collection business in flagrant violation of the FDCPA, FCRA, and MGL 93a by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.    The Plaintiff is a "debtor" as defined by 940 CMR § 7.03. allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") and a consumer under the FDCPA, FCRA, and MGL 93a.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33.    The Debt arose from the original Creditor which was primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34.    The Debt was purchased, assigned, or transferred to Defendants MF, MC, Encore and Portfolio for collection, or Defendants were employed by the Creditor to collect the Debt.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35.    All the Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.     Defendants failed to validate the debt and continued sending demands for payment through the mail.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.     The Consumer Financial Protection Bureau sued all defendants and some of its subsidiaries in the last few years for deceiving consumers and failing to thoroughly and properly investigate consumers' accounts and credit reports and has a pending complaint for repeated violation of the FCRA and the consent order that was signed by all defendants.

**ANSWER:**     Because this allegation does not refer to any specific lawsuit or consent order, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## DEFENDANTS
## MC, MF, ENCORE, AND PORTFOLIO

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

39.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.    All Defendants' conduct was so outrageous in character, and so extreme indegree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.    All Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.    All Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43.     All Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44.     All Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.     All Defendants' conduct violated 15 U.S.C. § 1692f in that the Defendants used unfair and unconscionable means to collect a debt.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46.     The foregoing acts and omissions of all the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions, Plaintiff is entitled to damages as a result of Defendants' violations.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47.    Defendants, MCM, Encore, Portfolio, and Midland by reporting an "alleged" debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.    All Defendants failed after initiating the first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which constitutes a violation of the FDCPA 15 U.S.C. § 1692g(a)(1),2),(3),(4),(5).

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.    Defendants, MCM, MC, Portfolio made a false representation to the three Consumer Reporting Agencies, Equifax, Experian, and Trans Union on multiple occasions as to the character, amount or legal status of an alleged debt which results in a violation of the FDCPA, 15 U.S.C. § 1692e(2).

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.     The FDCPA requires that a "debt collector" cease collection efforts until the debt is validated if a consumer has demanded such in a timely manner.  All Defendants, blatantly ignored Plaintiff's timely demand for validation and are still engaging in collection actions, resulting in multiple violations of 15 U.S.C. 1692g (b).

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     Defendants, MCM, Portfolio, after refusing to respond to the plaintiff's demand for validation harassed me with dunny letters and reported inaccurate discrepancies to Transunion, Experian, and or Equifax since on or about December 2019 which is contrary to the FDCPA.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT II**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**M.G.L c. 93A§2, et seq.**
**ALL DEFENDANTS**

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

53.     The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.     All Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55.     Under MGL 93 plaintiff does not have to write defendants a MGL 93a demand letter because they are not located in Massachusetts (offices) and have no assets in this state.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

56.     All Defendants failed to correct Plaintiff's credit report when it had proof to do so and refused to validate Plaintiff's FDCPA request.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57.     Defendants Transunion, Experian, and Equifax failed to perform a proper investigation and have repeatedly published and disseminated consumer reports to such third parties from at least January 2019 to the present.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58.     Defendant Transunion, Experian, and Equifax violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.     All Defendants acted in concert to erroneously reported on the plaintiff's credit report and caused the plaintiff to be denied credit and reduced my credit score.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60.     All Defendants have damaged the plaintiff's credit rating.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT III**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681,esq**
**WILLFUL NON-COMPLIANCE BY**
**DEFENDANTS MC, MF, ENCORE, AND PORTFOLIO**

61.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

62.     All Defendants, therefore, in violation of the FCRA 15 U.S.C. § 1681b as an indirect consequence of, its decision to have obtained Plaintiff's credit report without a permissible purpose.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

63.     All Defendants are directly and equally responsible for the cumulative separate violations of FCRA 15 U.S.C. § §1681n and 15 U.S.C. §1681o failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

64.     All Defendants have continuously reported information that they knew to be false and inaccurate to all three credit reporting agencies, Equifax, Experian, and Trans Union in blatant violation of the FCRA 15 U.S.C. § 1681.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

65.     To date all defendants have committed several violations of the FCRA to the best of the Plaintiff's knowledge, Further violations may be identified during the discovery process.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66.     At no time has MCM, MC, Encore, and Portfolio ever provided any valid justification they may have had for reporting false information to the credit reporting agencies even though the plaintiff made a timely demand that they do so.  Defendants had a duty to properly ascertain if there was any legitimate account belonging to the plaintiff before reporting such information to the credit reporting agencies.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

Page 21 of 28

67.     All Defendants breached said duty, there was no account that the defendants had any right to collect to have had lawful standing and authority to report on the plaintiff's credit reports and therefore the plaintiff is entitled to damages for breach of said duty.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68.     Plaintiff made multiple attempts to dispute and provided many opportunities for MCM, MC, Encore, and Portfolio to engage in mitigation of damages and reach a settlement for their violations before taking civil action against them.  Plaintiff was not able to settle this matter with MCM, MC, Encore, or Portfolio, prior to litigation however it was not for lack of trying.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT IV**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT,**
**EQUIFAX, EXPERIAN, AND TRANSUNION**

69.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

70.     At all times pertinent hereto, Defendants was a "person" and "consumer reporting agency" as those terms are defined by FCRA 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

71.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by FCRA 15 U.S.C. § 1681a(c).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

72.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by FCRA 15 U.S.C. § 1681a(d).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

73.    Pursuant to FCRA 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants is [sic] liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to FCRA 15 U.S.C. § 1681e(b) and 1681i.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.    Defendants violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to FCRA 15 U.S.C. §1681s-2(b).

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and damages against all the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to FDCPA 15 U.S.C. §1692k(a)(2)(A), FDCPA 15 U.S.C. § 1692k(a)(3),

(e)      FCRA 15 U.S.C. §§ 1681n, §1681s-2(b) and 1681o.

(f)      Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3) for each defendant; and

(g)      Such other and further relief as may be necessary, just, and proper.

**ANSWER:**      Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


Date:  July 19, 2022                         /s/ Mardic A. Marashian
                                        Mardic A. Marashian, Esq. (BBO #548607)
                                        Bonin & Marashian
                                        711 Atlantic Avenue, 6th Floor
                                        Boston, MA  02111
                                        Telephone:  (617) 303-4502
                                        Fax:  (617) 723-3163
                                        E-Mail:  mardic@boninmarashian.com

                                        *Counsel for Defendant Trans Union, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **19th day of July, 2022**.  Notice of this filing will be sent to the following parties by email pursuant to the Parties' agreement.

| Suely Alves | Michael P. Trainor, Esq. |
|---|---|
| suelyalves0531@gmail.com | mtrainor@blankrome.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **19th day of July, 2022** properly addressed as follows:

| None. | |
|---|---|

    /s/ Mardic A. Marashian
Mardic A. Marashian, Esq. (BBO #548607)
Bonin & Marashian
711 Atlantic Avenue, 6th Floor
Boston, MA  02111
Telephone:  (617) 303-4502
Fax:  (617) 723-3163
E-Mail:  mardic@boninmarashian.com

*Counsel for Defendant Trans Union, LLC*