**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SUELY ALVES,<br><br>           Plaintiff,<br><br>    v.<br><br>TRANS UNION, LLC, *et al.*,<br><br>           Defendants. | Case No. 1:22-cv-11015-LTS |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, upon consideration of the Motion to Dismiss Plaintiff's Complaint that was filed Defendants, Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Moving Defendants"), and all opposition thereto, it is **ORDERED** that Moving Defendants' Motion is hereby **GRANTED**.  It is further **ORDERED** that the Complaint filed in this matter by Plaintiff, Suely Alves, is hereby **DISMISSED**, with prejudice as to Moving Defendants.

BY THE COURT:

_____
                                                                      J.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUELY ALVES, | |
| Plaintiff, | Case No. 1:22-cv-11015-LTS |
| v. | |
| TRANS UNION, LLC, *et al.*, | |
| Defendants. | |

## DEFENDANTS, MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Moving Defendants"), hereby move for entry of an Order dismissing the Complaint filed by Plaintiff, Suely Alves, with prejudice as to Moving Defendants, for failure to state a claim upon which relief may be granted.

The grounds for Moving Defendants' Motion to Dismiss are stated more fully in the accompanying Memorandum of Law, which will be filed contemporaneously and is incorporated by reference as if fully set forth herein.

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Michael P. Trainor*
Michael P. Trainor (BBO #568910)
One Logan Square
Philadelphia, PA 19103
(215) 569-5500
*Attorneys for Moving Defendants*

Dated: August 4, 2022

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUELY ALVES, | Case No. 1:22-cv-11015-LTS |
| Plaintiff, | |
| v. | |
| TRANS UNION, LLC, *et al.*, | |
| Defendants. | |

**DEFENDANTS', MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

<u>**TABLE OF CONTENTS**</u>

**Page**

I.    FACTUAL BACKGROUND ................................................................................1

    A.    Plaintiff's Account and the Agreement..............................................1

    B.    Midland Funding Acquires the Account, and Midland Credit Sends the
          Welcome Letter to Plaintiff. ...............................................................2

    C.    Procedural History .............................................................................3

II.   ARGUMENT .................................................................................................4

    A.    Legal Standard ...................................................................................4

    B.    Plaintiff Failed to Set Forth a Short and Plain Statement of Her Claim in
          Violation of Rule 8(a)(2). ...................................................................4

    C.    Plaintiff's FDCPA Claims Must Be Dismissed Because They are Insufficiently
          Pled and Because Plaintiff Has Made No Effort to Prove That Each Claim Was
          Filed Within the FDPCA's One-Year Statute of Limitations. ...............6

    D.    Count II of the Complaint Must Be Dismissed as to Moving Defendants
          Because Plaintiff's Chapter 93A Claim is Preempted by FCRA and Because
          She Has Not Offered any Specific Facts in Support of Her Claim.........9

        i.    Plaintiff's Chapter 93A Claim is Preempted by FCRA ...........9

        ii.   Plaintiff's Chapter 93A Claim is Insufficiently Pled...............10

    E.    Count III of the Complaint Must Be Dismissed as to Moving Defendants
          Because it is Both Legally Insufficient and Time-Barred. ...................12

        i.    Plaintiff's Claim Under §1681b is Insufficiently Pled. ...........13

        ii.   Plaintiff's Remaining Challenges to Moving Defendants' Credit
            Reporting Practices are Time-Barred.......................................14

III.  CONCLUSION...............................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Allen v. Lustig, Glaser & Wilson P.C.,
  2016 WL 54192 (D. Mass. Jan. 5, 2016) ............................................................6, 14

Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,
  267 F.3d 30 (1st Cir. 2001) ...................................................................................1

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).............................................................................................4, 6

Aulson v. Blanchard,
  83 F.3d 1 (1st Cir. 1996) ......................................................................................4

Belanger v. BNY Mellon Asset Management, LLC,
  307 F.R.D. 55 (D. Mass. 2015)............................................................................5

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007).............................................................................................4

Boetti v. Ogden Suffolk Downs, Inc.,
  587 F. Supp. 1048 (D. Mass. 1984) .....................................................................4

Bou-Nassif v. Bank of America, N.A.,
  2017 WL 3812052 (D. Mass. Aug. 31, 2017) ......................................................11

Bryan Corp. v. Chemwerth, Inc.,
  2013 WL 6489785 (D. Mass. Dec. 9, 2013) .........................................................11

Celester v. Bank of America, N.A.,
  2021 WL 927463 (D. Mass. Mar. 11, 2021).......................................................1, 15

Cunha v. LVNV Funding, LLC,
  No. 13-11418-MLW, 2015 WL 5737134 (D. Mass. Sept. 30, 2015).....................10

Dawe v. Capital One Bank,
  2007 WL 3332810 (D. Mass. Oct. 24, 2007)........................................................9

Edgar v. Reich,
  881 F.Supp. 83 (D. Mass. April 10, 1995)............................................................15

Greg Beeche Logistics, LLC v. Skanska USA Building, Inc.,
  2014 WL 4656503 (D. Mass. Aug. 5, 2014) .........................................................5

Harihar v. Jeanne D'Arc Credit Union,
   2021 WL 1617187 (D. Mass. Apr. 26, 2021) ........................................................................7

Hernandez v. Wells Fargo Bank, N.A.,
   2015 WL 4480839 (D. Mass. July 22, 2015)......................................................................15

Hindle v. Toyota Motor Credit Corporation,
   2018 WL 6033484 (D. Mass. Nov. 16, 2018) ....................................................................10

Hopkinson v. Equifax Information Services, LLC,
   2021 WL 664040 (D. Mass. Feb. 19, 2021) .......................................................................10

Jasty v. Wright Medical Tech., Inc.,
   528 F.3d 28 (1st Cir. 2008).................................................................................................11

Jones v. Bank of New York,
   2013 WL 3728382 (D. Mass. July 12, 2013)........................................................................7

Kuehl v. F.D.I.C.,
   8 F.3d 905 (1st Cir. 1993).....................................................................................................5

Lance v. PNC Bank, N.A.,
   2015 WL 5437090 (D. Mass. Sept. 15, 2015) ....................................................................10

Leet v. Cellco Partnership,
   480 F. Supp. 2d 422 (D. Mass. 2007) .................................................................................10

Markle v. HSBC Mortg. Corp. (USA),
   844 F.Supp.2d 175 (D. Mass. 2011) ...................................................................................11

Morris v. BAC Home Loans Servicing, LP,
   775 F.Supp 2d 255 (D. Mass. 2011) ..............................................................................10, 11

Regal v. Wells Fargo Bank, N.A.,
   205 F.Supp. 3d 195 (D. Mass. 2016) ..................................................................................11

Ruiz Rivera v. Pfizer Pharms., LLC,
   521 F.3d 76 (1st Cir. 2008)...................................................................................................4

Sayied v. White,
   89 Fed.Appx. 284 (1st Cir. 2004) .........................................................................................5

Searle v. Convergent Outsourcing, Inc.,
   2014 WL 4471522 (D. Mass. June 12, 2014) .....................................................................14

Simard v. LVNV Funding, LLC,
   2011 WL 4543956 (D. Mass. Sept. 28, 2011) ......................................................................7

Veal v. Portfolio Recovery, Inc.,
    2015 WL 1609109 (D. Mass. Apr. 9, 2015) ...................................................................6, 14

Washington Legal Foundation v. Massachusetts Bar Foundation,
    993 F.2d 962 (1st Cir. 1993) ...........................................................................................4

Youngworth v. Gentile,
    2006 WL 516757 (D. Mass. Feb. 27, 2006) ....................................................................5

Zeller v. Samia,
    758 F.Supp. 775 (D. Mass. 1991) ..................................................................................14

**Statutes**

15 U.S.C. §1681b .............................................................................................12, 13, 14

15 U.S.C. §1681b(a)(3)(A) ...............................................................................................13

15 U.S.C. §1681p .......................................................................................................13, 15

15 U.S.C. § 1681t(b)(1)(F) ...............................................................................................9

15 U.S.C. §1692c(a)(1) .....................................................................................................7

15 U.S.C. §1692g(a) and §1692g(b) ................................................................................8

15 U.S.C. §1692k(d) .........................................................................................................7

M.G.L. c. 93A ..............................................................................................................3, 9

**Other Authorities**

Fed.R.Civ.P. 8(a)(2) ...................................................................................................4, 5, 6

Fed.R.Civ.P. 10(b) ............................................................................................................5

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1, 4

Defendants, Midland Funding, LLC ("Midland Funding"), Midland Credit Management, Inc. ("Midland Credit"), and Encore Capital Group, Inc. ("Encore") (collectively, "Moving Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiff, Suely Alves ("Plaintiff").

## I.    FACTUAL BACKGROUND

### A.    Plaintiff's Account and the Agreement

On or about February 17, 2015, Plaintiff opened a credit card account with Credit One Bank ("Credit One") that bore an account number ending in 6820 (the "Account"). The terms and conditions of the Account are set forth in the Visa/Mastercard Cardholder Agreement, Disclosure Statement, and Arbitration Agreement (the "Agreement") that Credit One issued to Plaintiff when the Account was opened. A copy of the Agreement is attached to the Declaration of Joe Romney (the "Romney Declaration") as **Exhibit A**.[1]

---

[1] Moving Defendants recognize that they have attached documents outside of the Complaint to the Romney Declaration, and they respectfully submit that this Court may review these documents without converting the instant motion into one for summary judgment. In ruling on a motion to dismiss, a trial court may consider documents the authenticity of which are not disputed by the parties, official public records, documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Id.; see also Celester v. Bank of America, N.A., 2021 WL 927463, at *1 (D. Mass. Mar. 11, 2021) (Sorokin, J.) (holding that a letter attached to the defendant's motion to dismiss could be considered because it was authentic and was central to the plaintiff's claim and because the plaintiff made a reference to communicating with the defendant in his complaint).

Each of the documents that are attached to the Romney Declaration are indisputably authentic, form the basis of Plaintiff's claims and/or were referenced by Plaintiff in the Complaint. For example, Plaintiff's claims appear to revolve around alleged improper reporting of the credit regarding the Account. Thus, the terms of the Account via the Account Agreement form the basis of Plaintiff's purported claims and it is respectfully submitted that the Agreement can be

The Agreement states as follows:

> This Agreement, together with the application you previously signed and the enclosed Arbitration Agreement, governs the use of your VISA® or Mastercard® Account issued by Credit One Bank, N.A.

<u>See</u> Romney Declaration, Ex. A, p. 2.

Moreover, the Agreement states as follows:

> This Arbitration Agreement shall survive: (i) termination or changes in the Card Agreement, the Account and the relationship between you and us concerning the Account; (ii) the bankruptcy of any party, to the extent permitted by applicable bankruptcy law; and (iii) **<u>any transfer or assignment of your Account, or any amounts owed on your Account, to any other person</u>**.

<u>Id</u>. at p. 9 (emphasis added).  As a result, by opening the Account, Plaintiff agreed, among other things, that any dispute relating to the Account between her and Credit One Bank and its successors or assigns would be governed by the Agreement.

**B.      Midland Funding Acquires the Account, and Midland Credit Sends the Welcome Letter to Plaintiff.**

Midland Credit sent Plaintiff a letter dated July 30, 2018, to notify her that Credit One sold the Account to Midland Funding and that Midland Funding was now the sole owner of the Account (the "Welcome Letter").  A copy of the Welcome Letter is attached hereto to the Romney Declaration as **Exhibit B**.  Midland Credit further indicated that it would be servicing the Account on Midland Funding's behalf.  <u>See</u> Romney Declaration, Ex. B at p. 1.  In addition, Midland Credit provided Plaintiff with, among other things, the amount of the unpaid debt, a disclosure that she had 30 days to dispute the validity of the debt, and an assurance that it would provide her with certain information if she submitted a timely dispute.  <u>Id</u>. at p. 1-2.

---

considered at this stage as a result.  Accordingly, this Court may consider all of the documents attached to the Declaration without converting this Motion into a motion for summary judgment.

### C.       Procedural History

Plaintiff commenced this action by filing a Complaint against Moving Defendants, TransUnion LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Portfolio Recovery Associates ("Portfolio") on June 27, 2022 (the "Complaint").  See Dkt. No. 1.  In the Complaint, Plaintiff asserts a series of broad and generalized allegations that Moving Defendants reported incorrect information to TransUnion, Experian, and Equifax.  Critically, Plaintiff fails to specify which one of the Moving Defendants reported the allegedly incorrect information, does not identify the account(s) the reported information pertained to, and does not attach a copy of any documents in support of her claims.  In addition, Plaintiff repeatedly asserts identical allegations against Moving Defendants and Portfolio as if they are related entities and engaged in identical courses of conduct even though they have no relationship with one another.  See e.g. Dkt. No. 1 at ¶¶20, 25, 26, 31, 34, 47, 49.

In Count I of the Complaint, Plaintiff asserts a kitchen sink of conclusory Fair Debt Collection Practices Act ("FDCPA") claims against Moving Defendants and Portfolio without specifying the facts that give rise to each claim and without identifying whether each claim was asserted within the FDCPA's one-year statute of limitations.  In Count II, Plaintiff asserts a claim against Moving Defendants and the other remaining defendants under M.G.L. c. 93A.  See Dkt. No. 1 at ¶¶52-60.  However, as set forth more fully below, Count II must be dismissed as to Moving Defendants because it is both preempted by the Fair Credit Reporting Act ("FCRA") and insufficiently pled.  In Count III, Plaintiff alleges that one or more of the Moving Defendants violated numerous sections of FCRA.  See Dkt. No. 1 at ¶¶61-68.  Each of Plaintiff's claims against Moving Defendants is ripe for dismissal on the grounds that they are legally insufficient and/or that they are barred by FCRA's two-year statute of limitations.

As a result, Plaintiff's Complaint fails to state a claim upon which relief can be granted and

it must be dismissed with prejudice as to Moving Defendants.

## II.   ARGUMENT

### A.   Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

It is axiomatic that "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed.R.Civ.P. 8(a)(2).  And although "well pleaded facts" are taken as true, the Court does not accept unsupported conclusions or interpretations of law. See Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).  Neither does the Court accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like."  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Furthermore, allegations which are vague and conclusory also fail to state a claim for relief. See Boetti v. Ogden Suffolk Downs, Inc., 587 F. Supp. 1048, 1050 (D. Mass. 1984).

### B.   Plaintiff Failed to Set Forth a Short and Plain Statement of Her Claim in Violation of Rule 8(a)(2).

Pursuant to Fed.R.Civ.P. 8(a)(2), any pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well

4

as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Management, LLC, 307 F.R.D. 55, 57 (D. Mass. 2015). A statement of claim must be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." Greg Beeche Logistics, LLC v. Skanska USA Building, Inc., 2014 WL 4656503, at *5 (D. Mass. Aug. 5, 2014) (recommending that the plaintiff's amended complaint be stricken pursuant to Rule 8).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). Dismissal for noncompliance with Rule 8 is usually reserved for cases where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." Sayied v. White, 89 Fed.Appx. 284 (1st Cir. 2004) (affirming the dismissal of the plaintiff's complaint on the grounds that it was so "prolix, redundant, and unintelligible that it would have been unreasonable to expect defendants to frame a response to it"); see also Belanger, 307 F.R.D. at 58 (dismissing plaintiff's "rambling, incoherent" complaint and finding that it was an inappropriate vehicle for aggregating masses of evidence). A complaint can also be dismissed when it violates Fed.R.Civ.P. 10(b)'s mandate that averments be made in numbered paragraphs with the contents of each paragraph limited as far as practicable to a statement of a single set of circumstances. Youngworth v. Gentile, 2006 WL 516757, at *4 (D. Mass. Feb. 27, 2006) (dismissing complaint pursuant to Rules 8 and 10 because it was in essay form and included paragraphs containing multiple, complex assertions).

In her rambling Complaint, Plaintiff fails to set forth a short and plain statement showing that she is entitled to relief under any of her myriad causes of action. In particular, throughout the Complaint, Plaintiff repeatedly refers to **all of the defendants** as a whole without identifying

which purported violations were committed by Midland Funding, Midland Credit, and/or Encore. As a result, it is not possible to identify what specific alleged wrongdoing is being asserted against Moving Defendants as between themselves or as opposed to any other named defendants.  Because Plaintiff has not pled this basic information and has not attached copies of any documents demonstrating the manner in which one or more of the Moving Defendants allegedly reported credit information incorrectly, Moving Defendants are left to guess which claims are being asserted against them.   Because the length, vagueness, and ambiguity of the Complaint has placed an unjustified burden on both Moving Defendants and this Court, it must be dismissed pursuant to Rule 8(a)(2).

**C.      Plaintiff's FDCPA Claims Must Be Dismissed Because They are Insufficiently Pled and Because Plaintiff Has Made No Effort to Prove That Each Claim Was Filed Within the FDPCA's One-Year Statute of Limitations.**

"In order to prevail on an FDCPA claim, a plaintiff must prove that (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA."  Veal v. Portfolio Recovery, Inc., 2015 WL 1609109, at *4 (D. Mass. Apr. 9, 2015).  A plaintiff may not simply enumerate the elements of a cause of action under the FDCPA without any additional factual support, as these allegations are the sort of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that are insufficient to survive a motion to dismiss. Allen v. Lustig, Glaser & Wilson P.C., 2016 WL 54192, at *3 (D. Mass. Jan. 5, 2016) (citing Iqbal, 556 U.S. at 678).  In Allen, this Court dismissed a plaintiff's FDCPA claim because it simply reiterated the elements of an FDCPA cause of action without any additional factual support.  Id.; see also Veal, 2015 WL 1609109, at *4 (dismissing all six of plaintiff's FDCPA claims and finding that he simply recited the operative statutory language

without providing any supporting factual allegations); Jones v. Bank of New York, 2013 WL 3728382, at *4 (D. Mass. July 12, 2013) (dismissing plaintiff's FDCPA claim and finding that he offered "very little, beyond conclusory statements and recitations of statutory language, to make out his claims").

In addition, the FDCPA's one-year statute of limitations period begins to run on the date that an alleged violation occurs. Thus, any claim that ripened more than a year before the Complaint was filed on June 26, 2022 is time-barred pursuant to 15 U.S.C. §1692k(d).  See Harihar v. Jeanne D'Arc Credit Union, 2021 WL 1617187, at *4 (D. Mass. Apr. 26, 2021); Simard v. LVNV Funding, LLC, 2011 WL 4543956, at *3 (D. Mass. Sept. 28, 2011).

As set forth in Section II.B. above, the allegations supporting Plaintiff's myriad of FDCPA claims are vague, conclusory, and unsupported by a single document.  Again, and by way of example, it is unclear what specific wrongdoing is being asserted against Moving Defendants or Portfolio.  For instance, Plaintiff alleges that one or more of Moving Defendants and Portfolio committed the following FDCPA violations:

- Contacted her at a place and during a time known to be inconvenient to her in violation of 15 U.S.C. §1692c(a)(1) (see Dkt. No. 1 at ¶41);

- Engaged in harassing, oppressive, or abusive behavior in violation of §1692d (see Dkt. No. 1 at ¶42);

- Used false, deceptive, or misleading representations or means in collecting a debt in violation of §1692e (see Dkt. No. 1 at ¶43);

- Employed false and deceptive means in collecting a debt in violation of §1692e(10) (see Dkt. No. 1 at ¶44); and

- Used unfair and unconscionable means to collect a debt in violation of §1692f (see Dkt. No. 1 at ¶45).

These scattershot allegations cannot possibly be read to cross the plausibility threshold, as they are broadly directed at Moving Defendants and a separate defendant.  In other words, Plaintiff is using the same broad brush to paint the allegations that she asserts against Moving Defendants with the allegations she asserts against Portfolio without offering any clarity as to whether more than one account is at issue or what purported wrongdoing was performed by any particular defendant.  In addition, Plaintiff's remaining allegations that one or more of the Moving Defendants violated the FDCPA by reporting credit information must be dismissed because she has failed to provide a single document or piece of specific information to support her allegation that the information that was reported was inaccurate.  Without providing the account number, the information that was reported, and the dates in which the information was reported, Moving Defendants cannot sufficiently respond to whatever claims Plaintiff is trying to assert.  Thus, Plaintiff cannot possibly be permitted to continue prosecuting her array of FDCPA claims against Moving Defendants as currently constituted.

It is also unclear when the purported violations occurred.  Thus, the claims are subject to dismissal under the statute of limitations.   The only date or range of dates that Plaintiff offers in Count I is a vague statement that Midland Credit harassed her "with dunny letters and reported inaccurate discrepancies to Transunion, Experian and or Equifax since on or about December 2019."  See Dkt. No. 1 at ¶51.  To the extent that Plaintiff is conceding that one or more of her FDCPA claims arose in December 2019, each such claim would be time-barred and ripe for dismissal.  At an absolute minimum, Plaintiff's claims under 15 U.S.C. §1692g(a) and §1692g(b) are time-barred and must be dismissed because they arise out of the sufficiency of the Welcome

Letter that Midland Credit sent to her in July 2018.

    **D.**    **Count II of the Complaint Must Be Dismissed as to Moving Defendants Because Plaintiff's Chapter 93A Claim is Preempted by FCRA and Because She Has Not Offered any Specific Facts in Support of Her Claim.**

       **i.**    **Plaintiff's Chapter 93A Claim is Preempted by FCRA**

In Count II, Plaintiff sets forth a series of rambling allegations that each of the defendants violated M.G.L. c. 93A.  See Dkt. No. 1 at ¶¶53-60.  Although it is difficult to decipher the precise nature of Plaintiff's allegations and to determine which of these claims are directed at Moving Defendants, the only thing that appears to be clear in Plaintiff's Complaint is that her allegations are generally premised upon the manner in which her credit information was reported.  In the three averments that are seemingly directed at Moving Defendants, Plaintiff alleges that Moving Defendants (among other parties): 1) failed to correct her credit report when it had proof to do so and failed to validate her FDCPA request; 2) acted in concert to erroneously report her credit information and 3) damaged her credit rating.  See Dkt. No. 1 at ¶¶56, 59-60.

Because Plaintiff's 93A claim pertains solely to one or more of the Moving Defendants' credit reporting practices, it is expressly preempted by FCRA and must be dismissed.  FCRA provides in relevant part that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  See 15 U.S.C. § 1681t(b)(1)(F).

On several prior occasions, this Court has applied §1681t and has declared that a Chapter 93A claim premised upon allegedly improper credit reporting practices was expressly preempted by FCRA. See Dawe v. Capital One Bank, 2007 WL 3332810, at *2 (D. Mass. Oct. 24, 2007) (holding that the plaintiff's claim under Chapter 93A was preempted by FCRA because "'Chapter 93A qualifies as a requirement imposed by state law, and to the extent the claim is based on

[defendant]'s reporting of plaintiff's consumer credit information, it directly relates to the subject matter of § 1681 s–2'") (citing Leet v. Cellco Partnership, 480 F. Supp. 422, 434 (D. Mass. 2007)); Lance v. PNC Bank, N.A., 2015 WL 5437090, at *5 (D. Mass. Sept. 15, 2015) (granting the defendant's motion to dismiss and holding that the plaintiff's Chapter 93A claim was preempted by FCRA because the defendant's allegedly wrongful conduct was "exactly the type of conduct that Congress intended to regulate under the FCRA"); Cunha v. LVNV Funding, LLC, 2015 WL 5737134, at *5 (D. Mass. Sept. 30, 2015) (holding that to the extent that the plaintiff's Chapter 93A claim was "premised on unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt, it is pre-empted by the FCRA"); Hopkinson v. Equifax Information Services, LLC, 2021 WL 664040, at *4 (D. Mass. Feb. 19, 2021) (dismissing the plaintiff's Chapter 93A claim and finding that it was expressly preempted by FCRA because it appeared to be premised on unfair credit reporting, a failure to correct credit information, and/or a failure to investigate a disputed debt); Hindle v. Toyota Motor Credit Corporation, 2018 WL 6033484, at *4 (D. Mass. Nov. 16, 2018) (dismissing plaintiff's Chapter 93A claim on the grounds that it was preempted by FCRA).

Because Plaintiff's Chapter 93A claim is premised solely upon one or more of the Moving Defendants' allegedly wrongful credit reporting practices, it is expressly preempted by FCRA.

### ii.    Plaintiff's Chapter 93A Claim is Insufficiently Pled.

Moreover, assuming *arguendo* that Count II is not preempted by FCRA, Plaintiff's allegations nonetheless fail to state a claim against Moving Defendants because she has failed to state a cognizable claim under Chapter 93A.

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  Mass. Gen. L. c. 93A § 2; see also Morris v. BAC Home Loans Servicing, LP, 775 F.Supp.2d 255, 258-259 (D. Mass. 2011).  To prevail on a Chapter 93A claim, the plaintiff "must

prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice and that the [plaintiff] suffered a loss of money or property as a result." Markle v. HSBC Mortg. Corp. (USA), 844 F.Supp.2d 175, 186 (D. Mass. 2011). "What is unfair or deceptive requires careful analysis" and "Massachusetts courts evaluate unfair and deceptive trade practice claims based on the circumstances of each case." Regal v. Wells Fargo Bank, N.A., 205 F.Supp. 3d 195, 201 (D. Mass. 2016).

"Although Chapter 93A does not specifically define "unfair" or "deceptive," the Massachusetts courts have applied a three-step analysis to determine whether conduct is unfair under the Act. They consider "(1) whether the practice is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers." Morris, 775 F.Supp. 2d at 262-263; see also Jasty v. Wright Medical Tech., Inc., 528 F.3d 28, 38 (1st Cir. 2008) ("[A] plaintiff's conduct, his knowledge, and what he reasonably should have known may be factors in determining whether an act or practice is unfair"). When a plaintiff fails to provide any specific facts in support of his or her claim and does not identify a single specific instance of wrongdoing, a Chapter 93A claim is ripe for dismissal. See Bou-Nassif v. Bank of America, N.A., 2017 WL 3812052, at *5 (D. Mass. Aug. 31, 2017) (rejecting the plaintiff's "vague" 93A claim because he did not offer a single specific instance where any of defendant's representatives committed wrongdoing); Bryan Corp. v. Chemwerth, Inc., 2013 WL 6489785, at *4 (D. Mass. Dec. 9, 2013) (dismissing a 93A claim because the defendant's merely asserted a series of conclusory allegations and failed to identify "with any specificity the alleged misrepresentations on which it is relying in support of its 93A claim").

Here, Plaintiff fails to set forth sufficient facts to meet any of the three prongs required to

show that Moving Defendants' conduct was unfair or deceptive. Namely, Plaintiff has not provided any specific facts or documentation to demonstrate that the credit information that one or more of the Moving Defendants reported or requested was erroneous or improper. For instance, Plaintiff does not allege that she paid all sums owed in connection with the Account or describe why any specific amounts that Moving Defendants reported were inaccurate. She also provides no facts to suggest that the purported credit reporting or credit pulls were immoral, unethical, oppressive, or unscrupulous. Again, she doesn't even identify the specific account that forms the basis of the purported claims, let alone assert how any activity by Moving Defendants was immoral or unethical. Finally, and without identifying what exactly the Moving Defendants are claimed to have done wrong, Plaintiff cannot possibly form a causal link between any such action, or inaction, and her purported damages. Consequently, and without this information, Plaintiff cannot plausibly show that Moving Defendants committed the types of unfair or deceptive actions that are forbidden by Chapter 93A.

### E.   Count III of the Complaint Must Be Dismissed as to Moving Defendants Because it is Both Legally Insufficient and Time-Barred.

In Count III of the Complaint, Plaintiff appears to assert two independent FCRA claims against Moving Defendants. The first claim is that "Defendants" violated 15 U.S.C. §1681b by obtaining "Plaintiff's credit report without a permissible purpose." See Dkt. No. 1 at ¶62. The second claim is based upon allegations that the "Defendants" reported false and inaccurate information to credit reporting agencies. Id. at ¶¶63-68. Because Plaintiff lumps Moving Defendants' purported actions in with Portfolio's in certain paragraphs in Count III and with the alleged actions taken by all other defendants in additional paragraphs, she has made it virtually impossible for Moving Defendants to decipher what specific wrongdoing is being alleged against them. Nonetheless, Moving Defendants will respond to Plaintiff's allegations as fully as they are

12

able.

To the extent that Plaintiff is alleging that Midland Credit violated §1681b by obtaining her credit information for an impermissible purpose, this claim must fail for two reasons. First, Plaintiff has failed to identify the date(s) on which Midland Credit pulled her credit and has failed to offer any specific information in support of this claim. Second, assuming purely for the sake of argument that Midland Credit pulled Plaintiff's credit information, it had a permissible purpose for doing so and cannot be held liable under §1681b. With respect to Plaintiff's allegations that Moving Defendants failed to report accurate credit information to the consumer reporting agencies, this claim must be dismissed because it is time-barred.

### i.   Plaintiff's Claim Under §1681b is Insufficiently Pled.

In the Complaint, the lone allegation that Plaintiff offers in support of her §1681b claim is that "MCM, and Portfolio pulled my credit report multiple times without a permissible purpose." See Dkt. No. 1 at ¶22. Critically, Plaintiff fails to list the date in which Midland Credit purportedly pulled her credit report or enclose copies of any documents to support this allegation. To the extent that this purported credit pull occurred on or before June 26, 2020, it is barred by the two-year statute of limitations set forth in 15 U.S.C. §1681p.

Even if Plaintiff can explain what purported credit pulls were improper and how they were improper – which she does not sufficiently allege in her Complaint - Midland Credit was nonetheless permitted to pull Plaintiff's credit in connection with the collection of a debt. Pursuant to 15 U.S.C. §1681b(a)(3)(A), a consumer reporting agency may furnish a consumer report "[t]o a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving…review or collection of an account of...the consumer." Critically, "[t]his Court and others have consistently construed this language to permit a debt collector to obtain a credit report

13

in connection with efforts to collect a debt." Veal, 2015 WL 1609109, at *3 (dismissing plaintiff's §1681b claim and holding that a debt collector had a permissible purpose when it pulled his consumer credit report); see also Allen, 2016 WL 54192, at *2 (dismissing plaintiff's §1681b claim and holding that a debt collector had a permissible purpose when it pulled his consumer credit report while it was attempting to collect debt secured by an unpaid credit card account); Searle v. Convergent Outsourcing, Inc., 2014 WL 4471522, at *4 (D. Mass. June 12, 2014) (rejecting plaintiff's §1681b claim and noting that "[i]t is well established that a debt collection agency has the right to obtain a credit report so long as it is done in connection with efforts to review or collect an account); Zeller v. Samia, 758 F.Supp. 775, 781 (D. Mass. 1991) (holding that the defendant had a permissible purpose in obtaining the plaintiff's consumer credit report because the report was obtained to further assist him in the collection of the alleged debt owed by the plaintiff).

While Midland Credit has been left to hazard a guess as to the precise nature of Plaintiff's insufficiently pled §1681b claim, in particular because Plaintiff doesn't identify the account at issue, what can be reasonably concluded from the insufficiently pled Complaint is that this claim cannot survive the instant motion since Midland was permitted to pull credit in connection with any purported collection efforts. As set forth in the Welcome Letter and as Plaintiff referenced several times in the Complaint, Midland Credit allegedly began attempting to collect a debt from Plaintiff once it purchased the Account. Because this Court has consistently held that a debt collector has the right to pull a consumer's credit report in connection with its efforts to collect a debt, Plaintiff's §1681b claim must be dismissed as to Moving Defendants.

### ii. Plaintiff's Remaining Challenges to Moving Defendants' Credit Reporting Practices are Time-Barred.

With respect to Plaintiff's remaining allegations that Moving Defendants violated FCRA, each claim is time-barred because Plaintiff readily admits that she both discovered Moving

Defendants' purported FCRA violations and began submitting disputes to one or more of them in December 2019.  See e.g. Dkt. No. 1 at ¶¶15, 17.

To assert a timely FCRA claim, a party must commence an action not later than "***the earlier of*** -- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  See 15 U.S.C. §1681p (emphasis added).   In Celester, this Court granted a motion to dismiss a FCRA claim on the grounds that it was time-barred pursuant to 15 U.S.C. §1681p.  2021 WL 927463, at *3.  The plaintiff wrote a letter to a consumer reporting agency alleging that his lender reported information regarding an account that was fraudulently opened in his name and waited more than two years from the date that the letter was sent to file a lawsuit asserting a FCRA claim.  Id.  This Court found that the plaintiff's action was untimely and rejected his argument that each transmission of his credit report was a separate and distinct tort to which a separate statute of limitations period applies.  Id.

In so holding, this Court explained that adopting the plaintiff's proposed rule would create a perpetual statute of limitations and "would allow him to bring a FCRA claim at any point in the future simply by requesting a credit report, despite his awareness of the alleged issues" more than two years earlier."  Id.; see also Hernandez v. Wells Fargo Bank, N.A., 2015 WL 4480839, at *4-5 (D. Mass. July 22, 2015) (holding that the plaintiffs' FCRA claim was time-barred because they first became aware of the allegedly inaccurate credit information that their lender was reporting in October 2010 and waited more than three years to file a lawsuit); Edgar v. Reich, 881 F.Supp. 83, 87 (D. Mass. April 10, 1995) (dismissing a FCRA claim on the grounds that it was barred by §1681p's two-year statute of limitations).

In the Complaint, Plaintiff alleges that she disputed the allegedly inaccurate information

on her credit report "with all defendants as early as December 2019." See Complaint at ¶17.  In addition, Plaintiff alleges that she "pulled her consumer credit report from December 2019 until June 2022 and still saw defendants still reporting inaccurate information." Id. at ¶22.  Thus, Plaintiff's purported FCRA claim ripened, at the absolute latest, in December 2019 and the statute of limitations on her FCRA claim elapsed in December 2021.  However, Plaintiff waited until June 2022 to file this action, and her assortment of FCRA claims must be dismissed with prejudice as to Moving Defendants.

## III.   CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that this Court enter an Order dismissing the Complaint, with prejudice, as to Moving Defendants and grant such other and further relief as may be just and equitable.

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Michael P. Trainor*
Michael P. Trainor (BBO #568910)
One Logan Square
Philadelphia, PA 19103
(215) 569-5500
*Attorneys for Moving Defendants*

Dated: August 4, 2022

16

## **CERTIFICATE OF GOOD FAITH**

I, Michael Trainor, certify that I have in good faith attempted to confer with Plaintiff to provide her with an opportunity to cure the deficiencies in the Complaint.  In particular, I sent two separate emails advising of the basis upon which Moving Defendants intend to proceed with the instant Motion and requesting that Plaintiff amend her Complaint and/or meet and confer regarding the basis for the Motion.  To date, Plaintiff has not responded to my emails.

Dated:  August 4, 2022                                       */s/Michael Trainor*
                                                                          Michael Trainor

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2022, the foregoing document was served upon all counsel of record via the electronic filing system.

*/s/ Michael P. Trainor*
Michael P. Trainor