UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUELY ALVES,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-11015-LTS |

**DEFENDANTS, MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.'S, REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Midland Funding LLC ("Midland Funding"), Midland Credit Management, Inc. ("Midland Credit"), and Encore Capital Group, Inc. ("Encore") (collectively, "Moving Defendants"), by and through their undersigned counsel, hereby file this Reply in Support of Their Motion to Dismiss Plaintiff's Complaint in order to address several inaccurate and misleading statements made in the response (the "Response") filed by Plaintiff, Suely Alves ("Plaintiff").

**I.  ARGUMENT**

**A.  Plaintiff Waived a Number of the Claims Contained in the Complaint by Failing to Address Nearly All of the Arguments That Moving Defendants Made in the Motion to Dismiss.**

In the Response, Plaintiff completely ignored several of the arguments that Moving Defendants made in the Motion to Dismiss (the "Motion"). Specifically, Plaintiff failed to respond to Moving Defendants' arguments that: 1) Plaintiff failed to sufficiently plead her Fair Debt Collection Practices Act ("FDCPA") claim and failed to demonstrate that her FDCPA claim was timely; 2) Plaintiff's Chapter 93A claim is preempted by the Fair Credit Reporting Act ("FCRA"); 3) Plaintiff's Chapter 93A claim is insufficiently pled; 4) Plaintiff's FCRA claim is both

insufficiently pled and time-barred; and 5) 15 U.S.C. §1681b(a)(3)(A) expressly provided Midland Credit with the right to pull Plaintiff's credit report.

Because Plaintiff made no attempt to rebut these arguments, she has essentially abandoned these claims and has conceded that they must be dismissed. See Perkins v. City of Attleboro, 969 F.Supp.2d 158, 177 (D. Mass. 2013) (dismissing a claim that the plaintiff failed to address in his opposition to a motion to dismiss); Leader v. Harvard University Board of Overseers, 2017 WL 1064160, at *6 (D. Mass. Mar. 17, 2017) (holding that the plaintiff waived and abandoned her premises liability claim when her opposition to the defendants' motion to dismiss did not address the defendants' argument seeking dismissal of said claim).

**B.  Plaintiff Incorrectly Alleges that Moving Defendants are Seeking to Compel Arbitration of This Matter.**

Throughout the Response, Plaintiff alleges that Moving Defendants are seeking to compel arbitration of this matter. See Response at p. 1-3. These contentions are inaccurate, as the sole form of relief that Moving Defendants are seeking in connection with the Motion is a dismissal of the Complaint with prejudice. Similarly, Plaintiff's citation to the procedural history section of this Court's opinion in Klath v. Midland Funding LLC, 334 F.Supp.3d 499 (D. Mass. 2018) is inapposite, as that case pertained to a defendant's motion to compel arbitration.

**C.  Plaintiff Improperly Raised New Claims in the Response That Were Not Pled in the Complaint.**

In the Response, Plaintiff repeatedly alleges that Midland Credit is reporting false information with respect to a pair of accounts that originated with Comenity Capital Bank ("Comenity"). See Response at p. 2-3. In support of these allegations, Plaintiff encloses with her Response what purport to be four pages of a 29-page credit report that show that the two accounts at issue were opened with Midland Credit in January 2022 and February 2022. Id. at Ex. A.

However, Plaintiff never once mentioned a Comenity account in the Complaint. Instead,

Plaintiff broadly alleged that "All Defendants" purportedly began reporting information to the credit reporting agencies in December 2019. See e.g. Complaint at ¶15. Therefore, it is entirely unclear how two accounts which appear to have been opened in 2022 bear any relation to Plaintiff's allegations in the Complaint regarding alleged credit reporting information that dates back to 2019.

As best as Moving Defendants can surmise, by referencing two accounts that appear to have been opened in 2022, Plaintiff may be attempting to improperly seek to introduce new claims in the Response that were not pled in the Complaint. To the extent that Plaintiff is attempting to introduce new claims – or even new facts to support her baseless claims – she is barred from doing so because she has not sought leave to amend the Complaint. Therefore, this Court should refuse to consider any new facts that appear in the Response. See Ghazarian v. American Home Mortgage Servicing Wells Fargo, 2013 WL 4411758, at *4, n. 8 (D. Mass. July 18, 2013) (rejecting the plaintiff's attempt to add new facts and/or a new claim in her opposition to the defendant's motion to dismiss that were not included in her complaint); Badio v. G4S Solution USA, 2021 WL 102656, at *7, n. 8 (D. Mass. Jan. 12, 2021) (barring a plaintiff from introducing two new claims in an opposition to the defendants' motion to dismiss and finding that he could not introduce these claims without first seeking leave from the court to amend his complaint).

        **D.**      **Plaintiff Does Not Possess Standing to Enforce the Stipulated Final Judgment and Order that Moving Defendants Previously Entered Into.**

Plaintiff also attempts to suggest that Moving Defendants failed to comply with a Stipulated Final Judgment and Order (the "Order") that they entered into with the Bureau of Consumer Financial Protection in 2020 in a separate proceeding. See Response at p. 2. However, it is well-settled that Plaintiff lacks standing to enforce the terms and conditions of the Order. See e.g. Pinto v. HSBC Bank, N.A., 2012 WL 6622493, at *4 (D. Mass. Dec. 18, 2012) (finding that the plaintiff had no standing or private right of action to enforce a Consent Order that the defendant

3

previously entered into); Almeida v. U.S. Bank, Nat. Ass'n, 2014 WL 907673, at *4 (D. Mass. Mar. 10, 2014) (holding that the plaintiffs lacked standing to assert a claim arising out of a Consent Order that the defendant previously entered into with the Office of the Comptroller of the Currency); Conway v. U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-2, 804 Fed.Appx. 120, 122 (3d Cir. 2020) (nonparties are typically not entitled to enforce consent judgments); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) ("[A] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it"); Antonelli v. New Jersey, 419 F.3d 267, 273 (3d Cir. 2005) (finding that the appellants did not have standing to enforce consent decrees "because they were not parties to the Consent Decrees or Order, the Consent Decrees do not contemplate such action and the Appellants were not intended beneficiaries of either"); Consumer Financial Protection Bureau v. Ocwen Financial Corporation, 2014 WL 12772262, at *2 (D.D.C. Dec. 16, 2014) (stating that numerous courts have concluded that an individual borrower who is not a party to a consent judgment "has no standing to enforce any obligation imposed on the parties to the consent judgment").

    At no point in the Response does Plaintiff attempt to allege that she was an intended third-party beneficiary of the Order or that she has a private right of action to enforce it.  Therefore, she clearly lacks any standing upon which to base a claim against Moving Defendants that arises from the Order.  Consequently, this Court must disregard Plaintiff's improper citation to the Order.

**II.     CONCLUSION**

For the foregoing reasons, Moving Defendants respectfully request that this Court enter an Order dismissing the Complaint, with prejudice, as to Moving Defendants and grant such other and further relief as may be just and equitable.

                                                Respectfully submitted,

                                                **BLANK ROME LLP**

                                                By: */s/ Michael P. Trainor*
                                                Michael P. Trainor (BBO #568910)
                                                One Logan Square
                                                Philadelphia, PA 19103
                                                (215) 569-5500
                                                *Attorneys for Moving Defendants*

Dated: September 9, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September, 2022, the foregoing document was served upon all counsel of record via the electronic filing system.

                                                                            */s/ Michael P. Trainor*
                                                                            Michael P. Trainor