UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUELY ALVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:22-cv-11015-LTS |
| | ) |
| TRANS UNION, LLC et al., | ) |
| | ) |
| Defendants. | ) |

ORDER ON MOTIONS TO DISMISS AND COMPEL (DOC. NOS. 35 and 53)

November 28, 2022

SOROKIN, J.

Defendants Midland Funding LLC ("Midland Funding"), Midland Credit Management Inc. ("Midland Credit"), and Encore Capital Group, Inc. ("Encore"), moved to dismiss all claims against them. Plaintiff Suely Alves ("Alves") opposes. Doc. No. 44. For the reasons stated below, the Court ALLOWS the Motion to Dismiss, Doc. No. 35, and DENIES the Motion to Compel. Doc. No. 53.

I. BACKGROUND

Alves sued Defendants Midland Funding, Midland Credit, Encore, Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), Portfolio Recovery Associates ("Portfolio"), and Experian Information Solutions, Inc. ("Experian"), alleging that each mishandled her financial information. Doc. No. 1. Defendants Trans Union, Equifax, Experian, and Portfolio answered. Doc. No. 23; Doc. No. 25; Doc. No. 33; Doc. No. 34. Defendants Midland Funding, Midland Credit, and Encore (hereafter "Moving Defendants") moved to dismiss. Doc. No. 35. After the filing of this Motion, Alves and Equifax, Doc. No. 52, followed

by Alves and Experian, Doc. No. 57, jointly filed stipulations of dismissal with prejudice. Alves, Trans Union, and Portfolio have commenced discovery.

II. <u>FACTS ALLEGED IN THE COMPLAINT</u>

The Court recites the factual allegations of the Complaint drawing all reasonable inferences in in favor of Alves. <u>Zenon v. Guzman</u>, 924 F.3d 611, 615–16 (1st Cir. 2019). From what the Court can ascertain, Alves alleges that an original debt was incurred primarily for "family, personal or household purposes." Doc. No. 1 ¶ 33. Although Alves never expressly alleges that she incurred this debt, some allegations suggest that Alves was the borrower. <u>See e.g.</u>, <u>id.</u> ¶ 32 (alleging Alves is a debtor). Elsewhere, as described below, Alves advances other allegations painting a different picture. According to the Complaint, this debt was "purchased, assigned, or transferred to Defendants MF, MC, Encore and Portfolio" for collection, or Defendants were employed by the original creditor to collect the debt. Doc. No. 1 ¶ 33. Alves alleges "[a]ll the Defendants [i.e. everyone she sued] attempt[ed] to collect" the debt. <u>Id.</u> ¶ 35.

Elsewhere in her Complaint, Alves alleges that her credit reports include "inaccurate information" which "negatively reflects upon" Plaintiff, her "credit repayment history," her "financial responsibility," and her "creditworthiness" causing the denial of credit, the loss of "multiple apartments" and the imposition of high-interest rates on loans. <u>Id.</u> ¶¶ 12, 14. Perhaps the "inaccurate information" relates to the debt described above, perhaps not. Nowhere in the Complaint does Alves describe the inaccurate information, identify the debt or otherwise provide any further factual allegations on these points. She does allege that she learned of the inaccurate information "as early as December 2019" and that she has "disputed" the information with the "Defendants" since then up to the present. <u>Id.</u> ¶ 17. She complains that

neither the credit reporting agencies nor any of the Defendants have removed the allegedly inaccurate information. Id. ¶ 19. She also contends that Midland Credit, Midland Funding and Portfolio (but not Encore) failed to conduct "timely and reasonable investigations" of her disputes after learning of the disputes from the credit agencies. Id. ¶ 20. She further alleges that these three defendants "continued to report such inaccurate information to various credit reporting agencies and have failed to mark the account as disputed." Id.

She goes on to complain that Trans Union "verified the nonexistent account" and that Midland Credit was the "owner[]" of this account which caused a number of landlords to deny Alves credit over the past two years. Id. ¶ 21. Whether the "nonexistent" account relates to the debt or inaccurate information described above or is still something else is simply not discernible. Other allegations amplify this ambiguity, Alves alleges she neither applied for credit from nor has any business relationship with either Encore or any of the Moving Defendants. Id. ¶ 23. She does allege that "[a]ll Defendants" joined together to "collect a non-existing debt from" her. Id. ¶ 34.

In the course of all of the foregoing, Alves alleges by repetition of various statutory prohibitions, that Defendants, or some of them, have violated these identified provisions. More specifically, she alleges generally that the Moving Defendants communicated improperly with her, sent her demands through the mail, falsely represented that they had original documents establishing the debt, and pulled her credit report without permission. Id. ¶¶ 15, 22, 25. She does arguably allege recurring "report[ing]" of the "derogatory inaccurate information" by "all Defendants," id. ¶ 19, and the repeated publication and dissemination of her credit reports containing "inaccurate information." Id. ¶¶ 17-18.

Alves' Complaint advances three legal claims. Count I alleges that Portfolio and each of the Moving Defendants violated the Fair Debt Collection Practices Act ("FDCPA") in numerous ways. Doc. No. 1 ¶¶ 38-51. Count II alleges that all Defendants violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A ("Chapter 93A"). Id. ¶¶ 52-60. Count III alleges Portfolio and the Moving Defendants violated the Fair Credit Reporting Act ("FCRA"). Id. ¶¶ 61-74. The Complaint contains one more Count, Count IV, but Alves did not advance it against any of the Moving Defendants or Portfolio. Doc. No. 1 at 15.

III.    LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief." García-Catalán v. United States, 734 F.3d 100, 102 (1st Cir.2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that [she] is likely to prevail, but [her] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" Id. at 102–03 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl.Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As a pro se plaintiff, Alves' Complaint is subject to "less demanding standards than those drafted by lawyers" though she is still "not exempt from procedural rules." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (explaining "we are solicitous of the obstacles that pro se litigants face … and we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects").

4

IV.   DISCUSSION

The Moving Defendants request dismissal of the three claims lodged against them. Doc. No. 35. First, they argue that Federal Rule of Civil Procedure Rule 8(a)(2) compels dismissal of all of Alves' claims. Doc. No. 38 at 6, 10, 13. They also advance statute of limitations defenses to the two federal claims, id. at 12, and a preemption argument as to the Chapter 93A claim. Id. at 9. The Court addresses each of these contentions in turn.[1]

   A.   Fed. R. Civ. P. 8(a)(2)

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." García-Catalán v. United States, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). While the Rule "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era … it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Of course, the Complaint also "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

---

[1] The Moving Defendants also assert that Alves failed to respond to various arguments they advanced, and she thereby waived objection to dismissal on those grounds. Doc. No. 44; Doc. No. 46. As explained supra, pro se plaintiffs (and Alves is pro se) are subject to a "less demanding" standard than litigants with counsel. Dutil, 550 F.3d at 158. Here, Alves contends she adequately pled her claims. Doc. No.44 at 1. Accordingly, the Court declines to dismiss her Complaint or any of her claims on waiver grounds.

544, 570 (2007)). The purpose of the Rule is to place the Court and the defendants clearly on notice as to what the plaintiff is claiming and who she is bringing those claims against. See Arnold v. Wall, 2022 WL 1746683, at *2 (D.R.I. 2022) (explaining that Rule 8(a) gives defendants notice of the claims against them and allows them to prepare a defense). In order to provide sufficient notice of the claim and the grounds on which it stands, "the complaint should at least set forth minimal facts as to who did what to whom, when, where and why." Burgess v. Ebay, 2011 WL 841269 *2 (D. Mass. Mar. 8, 2011).

      None of the three Counts set forth in Alves' Complaint survive the application of the Rule 8 pleading standard. The factual allegations of the Complaint are simply too vague and conclusory. Alves has not identified the debt, the inaccurate information, or the non-existent account she disputes. Whether the debt is the inaccurate information and the non-existent account, or whether these phrases present three separate issues is not at all plain from the allegations of the Complaint. The Complaint provides no further factual allegations clarifying any of these points. The Complaint also fails to identify the misconduct of the Moving Defendants beyond asserting they violated various specific provisions of the relevant federal statutes she invokes. For these reasons, the Court concludes that Alves has failed to allege a "short and plain statement" of her claims as required. Fed. R. Civ. P. 8(a)(2). Without giving the Court a clear sense of the nature of the debt or to whom it was owed, Alves' claims cannot satisfy Rule 8(a)(2). Therefore, the Court ALLOWS the Motion and dismisses Counts I, II, and III as to the Moving Defendants. See Veal v. Portfolio Recovery, Inc., 2015 WL 1609109, at *4 (D. Mass. Apr. 9, 2015) (dismissing all six of Plaintiff's FDCPA claims and finding that he simply recited the operative statutory language without providing any supporting factual allegations).

Two more issues bear mention. First, Alves' Complaint fails to pass muster under Rule 8(a)(2) for a further reason. Her factual allegations are undifferentiated. She fails to identify with any specificity which Defendant committed which alleged wrong. Doc. No. 1 ¶¶ 20, 25, 26, 31, 34, 47, 49. She asserts general allegations against Midland Credit, Midland Funding, Encore, and Portfolio, without alleging specific facts indicating what specific wrongdoing was committed by which specific defendant. Doc. No. 1 ¶¶ 20, 25, 26, 31, 34, 47, 49. All three of Alves' claims suffer from this problem. For this reason, too, Alves' claims fall under Rule 8(a)(2).

Second, the Moving Defendants attach to their Motion to Dismiss, Doc. No. 35, what they say is correspondence sent to Alves relating to the debt at issue. They ask the Court to consider their attachments as integrated into the Complaint because they are "central to [the] plaintiff's claim, and sufficiently referred to in the complaint." Doc. No. 38 at 6 n.1; Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). The Court declines to consider these documents because the Court cannot determine from the Complaint that the documents describe the same debt as alleged in the Complaint. Alves' Complaint, as explained infra, does not sufficiently identify the debt at issue. She does not state any facts that identify the original creditor, the identity of the debtor or the nature of the debt. The Court cannot assume that Alves and the Moving Defendants' attached documentation describe the same debt because of the vague and conclusory nature of Alves' Complaint.

   B. Statute of Limitations

Moving Defendants also advance a statute of limitations defense against Counts I and III.  The defense against Count III succeeds; at this stage it does not as to Count I.

The statute of limitations is an affirmative defense for which the defendant bears the burden of proof under Fed. R. Civ. P. 8(c)(1). Unless "the pleader's allegations 'leave no doubt that an asserted claim is time-barred,'" the claims survive a Rule 12(b)(6) challenge. Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir.1998)). When the allegations of the complaint establish that the plaintiff filed her claim after expiration of the limitations period and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate. Santana–Castro v. Toledo–Davila, 579 F.3d 109, 113–14 (1st Cir. 2009).

Even if the Count III FCRA claim survived Rule 8(a)(2), the statute of limitations bars this claim. To assert a timely FCRA claim, a party must commence an action not later than "the earlier of: (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." Id. Alves alleges that she disputed her credit report with the Moving Defendants "as early as December 2019." Doc. No. 1 ¶ 17. In addition, Alves alleges that she discovered purported errors on her credit report "from December 2019 to June 2022." Id. ¶ 22. Alves' claimed basis for liability is the Moving Defendants' inaccurate credit reporting. Id. As alleged in her Complaint, Alves was aware that an inaccurate debt had been reported in her name and that the information had been conveyed to Trans Union as of at least December 2019. Id. ¶¶ 17, 22. Alves pleads no facts that would "warrant the application of either a different statute of limitations period or equitable estoppel." Santana–Castro, 579 F.3d at 113–14. Thus, Alves' deadline to file suit was December 2021, two years after the date when she alleges she learned the factual basis for her claim. Alves filed her Complaint on June 27, 2022.

8

Doc. No. 1. Because she filed her Complaint after December 2021, the FCRA's statute of limitations bars Count III. See Edgar v. Reich, 881 F. Supp. 83, 87 (D. Mass. 1995) (dismissing a FCRA claim on the grounds that it was barred by §1681p's two-year statute of limitations); Cintron-Luna v. Rom Bultron, 668 F. Supp. 2d 315, 320 (D.P.R. 2009) (holding that even if pro se plaintiff's claims were properly pled, they were time barred under §1681p's two-year statute of limitations).

Although Alves alleges the repeated pulling of her credit reports or repeated dissemination of inaccurate information each time someone distributed or reviewed her credit report, Doc. No. 1 ¶ 17, such actions do not yield a continuing violation theory that can save this claim from the statute of limitations bar. Each new transmission of her credit report does not give rise to a new limitations period under the FCRA. See Celester v. Bank of America, N.A., 2021 WL 927463, at *3 (D. Mass. Mar. 11, 2021) (finding that allowing a plaintiff to "bring an FCRA claim at any point in the future simply by requesting a credit report, despite his awareness of the alleged issues … would defeat the purpose of a statute of limitations"). In short, the statute of limitations bars Count III and it is dismissed for this reason as well.[2]

---

[2] Conceivably, Alves' Complaint could also be read to allege that some or all of the Defendants continually reported inaccurate information to one or more of the credit agency defendants based on the allegation that the Moving Defendants "continue[d] to report derogatory inaccurate information about her." Doc. No. 1 ¶¶ 19, 20. Arguably, such action might violate the provision of federal law prohibiting furnishers of credit information from providing inaccurate information to credit reporting agencies. 15 U.S.C. § 1681s–2(a). Such a theory cannot save this claim. First, these allegations fail to clear Rule 8. Alves' Complaint does not identify which defendants provided what inaccurate information. Instead, she lumps together "all" defendants without identifying specifically the inaccurate information. Doc. No. 1 at ¶ 17. Her allegations are too generic and conclusory. See Jones v. Bank of New York, 2013 WL 3728382, at *4 (D. Mass. Jul. 12, 2013) (dismissing plaintiff's FDCPA claim and finding that he offered "very little, beyond conclusory statements and recitations of statutory language, to make out his claims"). Second, Alves did not allege a violation of § 1681s–2(a) against the Moving Defendants even though she specifically alleged violations of a variety of other provisions of this statute. Doc. No. 1 ¶¶ 62-64. Third, even if Alves sufficiently alleged

The Moving Defendants also allege that application of the statute of limitations bars the Count I FDCPA claim. Doc. No. 38 at 6. This argument fails. The Complaint's allegations of violations of this statute relating to improper debt collection practices are not cabined by the allegation that Alves knew of the inaccurate information in her credit reports as of December 2019. Because the Complaint does not establish the statute of limitations bars the FDCPA claim, the Court DENIES the Motion to Dismiss as to Count I on statute of limitations grounds. Nonetheless, the dismissal of this Count for failure to comply with Rule 8 stands.

C. Preemption

Even assuming Count II survived Rule 8(a)(2) scrutiny, the FCRA preempts this Chapter 93A claim. The FCRA preempts state law "with respect to any subject matter regulated under § 1681s-2." 15 U.S.C. § 1681t(B)(1)(F). The reporting of a plaintiff's consumer credit information directly relates to the subject matter of § 1681s-2. Leet v. Cellco P'ship, 480 F. Supp. 2d 422, 434 (D. Mass. 2007). Chapter 93A is a requirement imposed by Massachusetts law. Id. Accordingly, to the extent Alves' "Chapter 93A claim is premised on unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt, it is preempted by the FCRA." Hopkinson v. Equifax Information Services, LLC, 2021 WL 664040, at *4 (D. Mass. Apr. 19, 2021); see Cunha v. LVNV Funding, LLC, 2015 WL

---

such a violation of the FCRA, the allegations would not state a plausible claim for relief. The First Circuit held in Chiang v. Verizon New England, Inc., that inaccurate reporting by furnishers — companies that provide consumer credit information to consumer reporting agencies — does not, by itself, give rise to a private cause of action. Chiang v. Verizon New England, Inc., 595 F.3d 26, 35–36, n.8 (1st Cir. 2010); 15 U.S.C. § 1681s– 2(c)(1) (no civil liability for a violation of 15 U.S.C. § 1681s–2(a)); see also Hernandez v. Wells Fargo Bank, N.A., 2015 WL 4480839, at *5 (D. Mass. Jul. 22, 2015) (holding no private right of action under § 1681s–2(a)). In short, private persons such as Alves may not sue for violations of this provision of law. Thus, Alves' allegation that the Defendants continually reported false information cannot save Count III from the statute of limitations bar.

5737134, at *5 (D. Mass. Sept. 30, 2015) (finding FCRA preempted Plaintiff's Chapter 93A claim predicated on unfair credit reporting); see also Catanzaro v. Experian Info. Sol., Inc., 671 F. Supp. 2d 256, 262 (D. Mass. 2009) (ruling Chapter 93A claims preempted because "the Court will not sanction the use of Chapter 93A as an end run around state and federal statutory schemes").

Alves asserts that the Moving Defendants "failed to correct Plaintiff's credit report … refused to validate Plaintiff's FDCPA request … and acted in concert to erroneously report[] on the plaintiff's credit report." Doc. No. 1 ¶¶ 56-57, 59. All of these claims are preempted by the FCRA, as they are premised on "unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt." Hopkinson, 2021 WL 664040 at *4.

Alves advances no other basis for a violation of Chapter 93A. Thus, Count II is preempted by the FCRA and dismissed.

V.    MOTION TO COMPEL

One other Motion remains pending before the Court: Alves' Motion to Compel, Doc. No. 53. In light of the dismissal of the claims against the Moving Defendants, the Court DENIES WITHOUT PREJUDICE the Motion to Compel, Doc. No. 53, as to these Defendants. If the Court permits an Amended Complaint, Alves may renew the motion to compel thereafter against these Moving Defendants. However, any such Motion must comply with the requirements described below. As to Portfolio and Trans Union, the Motion to Compel is DENIED. The record plainly establishes, contrary to Alves' contention, that both Portfolio and Trans Union complied with their initial disclosure obligations under the rules.

The Court cautions Alves that she may not seek to compel discovery before a defendant has had the time provided by the federal rules, including any extensions, to respond.


Next, the Court reminds Alves the Local Rules of this Court require a good faith effort to confer in order to resolve or to narrow the issues in dispute before filing any motion with the Court. A failure to confer may result in a summary denial of the motion. An email demanding documents is not a good faith effort to confer. Finally, the Court advises Alves that any future motions to compel must comply with Local Rule 37.1 which requires that the party seeking to compel discovery must in her motion, request by request, recite the discovery request she seeks to enforce (e.g. document request or interrogatory), the response to the request from the other side (e.g. the written response to specific request), followed by a short explanation of the reason she is entitled to more discovery under the specific request. A failure to follow this requirement may result in denial of motions to compel.

VI. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons, the Moving Defendants' Motion to Dismiss, Doc. No. 35, is hereby ALLOWED. Counts I, II and III are DISMISSED as to each of the Moving Defendants. Alves' claims are dismissed without prejudice. Even though Alves has not sought leave to file an amended complaint to cure the shortcomings in her original complaint, because Alves is pro se and some of the deficiencies in her Complaint are pleading deficiencies arising from a failure to plead her claim sufficiently under Rule 8, the Court *sua sponte* permits Alves to file a motion for leave to file an amended complaint, provided she does so within twenty-one days, i.e. by December 19, 2022. Any such motion shall (1) explain how the amended complaint cures the shortcomings identified by the Court and (2) attach a copy of the revised proposed amended complaint.

To the extent Alves intends in any amended complaint to pursue Counts II and III against Portfolio, which did not join the Moving Defendants' request to dismiss those claims,

she shall show cause by the same date (i.e., December 19, 2022) why such claims are not also subject to dismissal based on preemption (Count II) and the applicable statute of limitations (Count III) as explained above in discussion sections IV(B) and (C). In addition, Alves' Motion to Compel, Doc. No. 53, is DENIED. Trans Union's request for fees, Doc. No. 54, is also DENIED.

                                        SO ORDERED.

                                    /s/ Leo T. Sorokin
                                    Leo T. Sorokin
                                    United States District Judge