UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2022 DEC 19  PM 2: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

SUELY ALVES

Plaintiff

V.

Defendants

Trans Union, LLC et al

Civil Action No. 1:22-cv-11015-LTS

FIRST AMENDED COMPLAINT

JURISDICTION

1. This action arises out of the Defendants' Midland Funding LLC ("MF"), Midland Credit Management Inc. ("MC"), Encore Capital Group Inc. ("Encore") and Portfolio Recovery Associates ("Portfolio") engagement in unfair and deceptive acts and practices in connection with the collection of Debts pursuant to Massachusetts Unfair & Deceptive Trades Practices Act G.L. c. 93A, et seq (MGL 93a) Massachusetts Debt Collection Regulation Act 940 C.M.R. 7.00 et seq.(MDCRA) , and G.L. c. 93, § 49 and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MGL 93a").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that t he

4. Defendants transact business in this District and a substantial portion of the

5. acts giving rise to this action occurred in this District.

1

PARTIES

6. Plaintiff Suely ("Plaintiff") is an adult individual residing in Dorchester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debts that Defendants sought to collect from Plaintiff was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5) and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland Funding LLC ("MF") is a business entity and Debt Collector with a principal place of business located at 350 Camino De La Reina Suite 300, San Diego, CA 92108 which regularly conducts business in Massachusetts.

8. Defendant Midland Credit Management Inc. ("MC") is a business entity and Debt Collector with a principal place of business at 350 Camino De La Reina Suite 300, San Diego, CA 92108 which regularly conducts business in Massachusetts

9. Defendant Encore Capital Group Inc. ("Encore") is a business entity with a principal place of business at 350 Camino De La Reina Suite 300, San Diego, CA 92108 that regularly conducts business in Massachusetts

10. Defendant Portfolio Recovery Associates ("Portfolio") is a "debt collector" as defined by 15 U.S.C.1681a(6) and a for-profit corporation that has its principal place of business located at 120 Corporate Blvd, STE 100, Norfolk, VA 23502 and is operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6}.

FACTS

11. The Massachusetts Attorney General has regulated that it 'is an "unfair or deceptive act: or practice for a debt collector or creditor" to "initiate a communication with any debtor via telephone, either in

2

person or via text messaging or recorded audio message; in excess of two such communications in each:. Seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

12. The Massachusetts Supreme Court recently confirmed that the regulatory means debt collectors cannot place more than two collection calls per week to .Massachusetts consumers, regardless of the outcome of the, call. *See Armata v. Target Corp:.,* 480 Mass.480 Mass. 14,15, 16, 23, 99 N.E.3d 788, 790:, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as ... the creditor is able to reach the debtor or to leave. a voicemail message for the debtor" and "The regulation does not limit `communication[s];' but, rather, the initiation of communications. The fact that [Debt collector or creditor] did not successfully directly convey information to [debtor] is unimportant, because [Debt collector or creditor] nevertheless; initiated the process of conveying information to [debtor] via telephone.') (quoiting 940 CMR § 7.04.(1)(f)).

13. Defendants Portfolio, MC, MF and Encore purchased and acquired Debts, it (a) did not obtain all relevant Original Account-Level Documentation from the Seller at the time of purchase of the Debts, and (b) entered into agreements to purchase Portfolios under which the Company did not obtain all relevant Original Account-Level Documentation from the Seller at the time of purchase of the Debts, and which contained terms limiting in varying degrees the Seller's responsibility for the accuracy and validity of the Debts.

14. Plaintiff's debts where transaction were primarily for personal, family, or household purposes and consumer debts and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and 940 CMR § 7:03.

15. Defendants MC, MF, Encore and Portfolio attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

3

16. Defendants MC, MF, Encore and Portfolio repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of her personal privacy.

17. Defendants MC, MF, Encore and Portfolio repeated calls drained plaintiffs battery wasted Plaintiff s time and energy spent tending to Defendants MC, MF, Encore and Portfolio calls, plaintiff has Article III standing.

18. The Debt was purchased, assigned, or transferred to defendants MF, MC. Encore and or Portfolio for collection.

19. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

20. Moreover, the amount Defendants MC, MF, Encore and Portfolio attempted to collect was not authorized by the agreement creating the Debt as the lease had ended before the Debt was incurred.

21. Plaintiff is a consumer under the FDCPA , MGL 93a , MDCRA and FCRA.

22. Defendants MF, MC, Encore and Portfolio are debt collectors who uses an instrumentality of interstate commerce or the mails in any business, the principal purpose of which is collection of a debt, or who regularly attempts to collect, either directly or indirectly, the debt of another as defined by the MDCRA, FDCPA and FCRA.

23. The defendant MC, MF, Encore and Portfolio has attempted to collect a debt from the plaintiff without any original documentation up until May of 2022.

24. Plaintiff reported and disputed all debts defendants Portfolio, MC, MF were trying to collect with Trans Union, Experian and Equifax.

25. The defendants Portfolio, MC, MF is the nominal reporter of plaintiff's debt to three national credit reporting agencies (Trans Union, Experian, and Equifax) as late as May 2022.

26. Defendant MF, MC, Encore and portfolio is reporting or causing to be reported several accounts on plaintiff's credit report without having any account level documentation.

27. The defendants Portfolio, MC, MF reported the accounts as accurate to Trans Union, Experian, and Equifax and at one time reported they were original creditors of the disputed accounts as late as May 2022.

28. Defendant MC and portfolio refused to validate the debts and continued to send demands and collection efforts without answering plaintiff validation of the debt letter as of May 2022 with original account level documentation.

29. With respect to the validation of debts, the Defendants Portfolio, MC, MF and Encore Company did not include in its initial communication or within five business days thereafter a statement, as required by 940 C.M.R. 7 .08, that all defendants would provide the plaintiff, additional materials described in 940 CMR 7.08(2).

30. Defendant MC, MF and Portfolio did not properly validate the debt and continued to attempt to collect on the debt and sent documents that were routinely created by them and was never sent or retained by the original Creditor and placed calls to plaintiff's cell phone and hid their identity.

31. Defendants MC, MF, Encore, and Portfolio failed to do a complete investigation, and reported false information regarding the debt amounts to Trans Union, Experian, and Equifax as of May 2022.

32. Defendants Portfolio, MC, MF and Encore regularly participates indirectly or directly and attempts to collect plaintiffs defaulted consumer debt, by pulling and reporting on plaintiff's credit reports with the three credit reporting agencies, Experian, Trans union and Equifax as late as May 2022.

33. Defendants Portfolio pulled plaintiffs Credit reports on at least 02/16/2022, 02/28/2022, 02/02/2022, 12/12/2021, 11/17/2021, after receiving a debt validation and never properly validation the debt.

34. Defendant MC pulled my credit on after receiving a debt validation and MC never properly validation the debt at least 05/28/2022, 03/31/2022, 02/17/2022, 01/26/2022, 12/31/2021, was country to the FDCPA, MGL 93a and the MDCRA.

35. Defendants MC, MF, Encore and Portfolio never sent plaintiff evidence of a debt from their own records or and original account level documentation, defendants' acts were willfully and callously.

36. The defendant's actions were contrary to the MDCRA, FDCPA, FCRA and MGL 93a.

37. Plaintiff sent defendant MC, MF and Portfolio several debt validation between 2021 and January 3, 2022, after receiving several demand letters for payment.

38. Defendant MC, MF and Portfolio sent more demand letters to the plaintiff and continued to pull plaintiffs consumer credit report without ever validating the debt, or sent materials described in 940 C.M.R. 7.08(2)(a) through (d) which are in the possession, custody or control of the Company.

39. The defendants MC, MF and Encore never received an agreement of the purchased debt that contains (i) representations and warranties regarding the validity and accuracy of the Debts in the Portfolio; and (ii) a provision stating either that Original Account-Level Documentation for the Debts shall be provided to the Company by the Seller at the time of sale, or upon request, or (b) until the Company obtains and reviews Original Account-Level Documentation for the Debt.

40. Plaintiffs accounts was purchased after March 31, 2016, by defendants MC, MF, and Encore.

41. The defendants MC, MF and Encore signed an Assurance of Discontinuance Pursuant to MGL 93a on or about September 19, 2022, that they shall not collect on any Debt purchased after March 31, 2016 as plaintiffs debt was unless the Debt was part of a Portfolio that was purchased pursuant to an agreement that contains (i) representations and warranties regarding the validity and accuracy of the Debts in the Portfolio; and (ii) a provision stating either that Original Account-Level Documentation for the Debts shall be provided to the Company by the Seller at the time of sale, or upon request, or (b) until the Company obtains and reviews Original Account-Level Documentation for the Debt

42. Defendant MC, MF and Portfolio never cease collection until they complied with the FDCPA or MDCRA 700 et seq.

43. Defendant MC, MF and Portfolio initiated communication with the plaintiff on several occasions to my cell phone and hid their Identity, plaintiff needs discovery to get dates and times of all calls initiated by all defendants or third parties on their behalf.

44. Defendant MC, MF and Portfolio initiated communication with plaintiff more than two times in any seven-day period to my cell phone personal telephone number which is contrary to MDCRA 700 et seq.

45. Defendant MC, MF and Portfolio caused the plaintiff telephone to ring connected to plaintiff's voicemail or other recorded message and spoke with the plaintiff on my cell phone and was told to stop calling and they didn't.

46. Defendants called plaintiffs personal cell phone with an automatic Telephone dialing system that had the capacity (1) store a telephone number using a random or sequential number generator or (2) to produce a telephone number using a random or sequential number generator (3) to dial such numbers, (4) more than 3 time in a week and 5 times within a month.

47. Defendant MC, MF, Encore and Portfolio did not follow the requirements for Debt collection calls prescribed by 940 C.M.R. 7.04(f).

48. The plaintiff requested that the defendants MC, MF and Portfolio cease all collection efforts and that they validate the debt with original account level documentation, and they failed to do.

49. Defendants are still attempting to collect a debt from the plaintiff as of December 17, 2022.

50. Defendant Portfolio, MC, MF and Encore settled with the Consumer Financial Protection Bureau ("CFPB") and promise to never attempt to collect a debt without account level documentation on 09/09/2015. See https://www.consumerfinance.gov/about-us/newsroom/cfpb-takes-action-against-the-two-largest-debt-buyers-for-using-deceptive-tactics-to-collect-bad-debts/

51. Defendants MC, MF and Encore violated the 09/09/15 and was sued yet again by the CFPB on oct 15, 2022 and settled again for over $15 million civil money penalty.

## Plaintiff Suffered Actual Damages

52. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's MC, MF, Encore and Portfolio unlawful conduct.

53. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

54. Defendant MF, MC, Encore and Portfolio has caused plaintiff to be denied several apartments and is paying higher interest fees on car loans and credit cards and to be denied credit extensions.

55. Defendant MF has been reporting debts on plaintiff's credit reports since January 2021 until at least July 2022 attempting to collect a debt

56. Defendant MF is not licensed to collect debts in Massachusetts this is contrary to G.L. c. 93A, § 2, 940 C.M.R. 7.00 *et seq.,* and G.L. c. 93, § 49, but remains trying to collect a debt from the plaintiff who is a Massachusetts resident.

57. However, the Debt Collection Act covers direct and indirect activities. Furthermore Midland Funding, LLC ,(MF) reported the plaintiff's debt to the three national credit agencies TransUnion, Experian and Equifax for her failure to pay a debt. Credit reporting is not a "passive" activity, this is a regular practice of MF.

58. Defendant MF and Encore engaged in direct or indirect collection activities, including credit reporting.

59. Because the defendant Encore and MF does not have a license to act as a debt collector in the Commonwealth of Massachusetts , MF collections actions are contrary to G.L. c. 93, §24A ("the Debt Collection Law"), G.L. c. 93A, and the Federal Fair Debt Collection Practices Act. Under G.L. c. 93, §24. MDCRA 940 C.M.R. 7.00 *et seq.*

60. Under Massachusetts Law any person or company who engages in debt collection, either directly or indirectly as defendants Encore and MF, must first obtain a license from the Commonwealth. See G.L. c. 93, §24A(a). A violation of the Debt Collection Law can constitute a violation of G.L. c. 93A.

61. A business may fall under the definition of debt collector even though it is collecting debt for itself, and not the "debt of another". *See Ruth v. Triumph P 'Ships,* 577 F. 3d 790, 796-797 (7th Cir. 2009).

62. Encore and Midland's failure to obtain the appropriate licensure is a contrary to G.L. c. 93, §24, G.L.c. 93A. G.L. c. 93, §28 ("Failure to comply with any provision ... of section twenty-four to twenty-seven, inclusive, or any regulation promulgated in accordance with the provisions of section twenty-four shall constitute an unfair or deceptive act or practice under the provisions of paragraph (a) of section two of chapter ninety-three A , it is a clear directive by the Legislature that a violation of that particular statute constitutes an automatic violation of Chapter 93A, without the need of showing the act was otherwise 'unfair or deceptive' or occurred in 'trade or commerce").

63. A debt collector's failure to be properly licensed and bonded is a per se violation of G.L.c. 93A. G.L.c. 93, §28. MFR was not licensed in Massachusetts at the time of reporting on plaintiffs' credit and attempting to collect the accounts at issue.

COUNT I

VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

DEFENDANTS MC, MF, ENCORE, AND PORTFOLIO

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

66. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

67. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed

to inform the consumer that the communication was an attempt to collect a debt.

68. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

69. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

70. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

71. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants overshadowed Plaintiff's right to dispute the Debt.

72. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

73. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,

### M.G.L. c. 93A § 2, et seq. MC, MF, ENCORE, AND PORTFOLIO

74. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The Defendant employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

76. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, et seq.

### WILLFUL NON-COMPLIANCE BY DEFENDANTS MC, MF, ENCORE, AND PORTFOLIO

77. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Defendants willful Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

79. Defendants Portfolio, MC, MF obtained plaintiffs consumer credit report information for unlawful purposes in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b (the "FCRA").

80. Defendant Portfolio, MC, MF knowingly and/or willfully violated the FCRA; • Defendant knowingly and/or willfully obtained consumer credit reports for an impermissible purpose; and • It is Defendant's practice and history to obtain consumer credit reports in order to identify consumers to whom it can send text messages advertising its credit repair services.

81. Defendants Portfolio, MC, MF have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiff's credit history to third parties from at least June 2020 to the present.

82. The inaccurate information on Plaintiff's credit reports includes, but is not limited to accounts with MF, MC and Portfolio Solutions, LLC and personal identifying information (hereafter the "inaccurate information").

83. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

84. The inaccurate information consists of inaccurate statements of amounts owed to the original creditor and Defendants MC, MF and Portfolio.

85. Defendants Portfolio, MC, MF furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the account as disputed.

COUNT IV

VIOLATION OF THE Massachusetts Debt Collection Regulation Act 940 C.M.R. 7.00 et seq.

86. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. Defendant. initiated communication via telephone in excess of two times within a. seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

88. Defendant's failure.to comply with 940 CMR § 7.,04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

89. Defendant willfully or knowingly violated 940 CMR '§ 7.04(1)( f).

90. Pursuant to 940 C.M.R. 7.00 et seq. Defendant knowingly and willfully violated 940 CMR § 7.040) It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

91. Defendant's failure.to comply with 940 CMR § 7.,04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

COUNT V VIOLATION OF THE

Massachusetts Banking Commissioner's regulations,209 Code Mass. Regs. 18.00

DEFENDANTS ENCORE CAPITAL GROUP AND MF

92. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. Defendants failed to register as a debt collector in Massachusetts before directly or indirectly attempting to collect debts.

94. Defendants' failure to be properly licensed and bonded is a per se violation of G.L.c. 93A. G.L.c. 93, §28.

95. Midland is at least the nominal reporter of plaintiff's debt to three national credit reporting agencies.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and damages against all the Defendants, based on the following requested relief:

**(a)** Actual damages;

**(b)** Statutory damages;

**(c)** Punitive damages;

**(d)** Costs and reasonable attorney's fees pursuant to FDCPA 15 U.S.C. et seq

(e) FCRA 15 U.S.C. §§ 1681n, §1681s-2(b) and 1681O. Et seq.

(f) Massachusetts Debt Collection Regulation Act 940 C.M.R. 7.00 et seq.

(g) Massachusetts Banking Commissioner's regulations, 209 Code Mass. Regs. 18.00 et seq.

(h) double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3), FDCRA, FCRA, MDCRA for each defendant;

and (i) Such other and further relief as may be necessary, just, and proper.

Suely Alves /s/ Suely Alves                                             December 16, 2022
19 Ceylon Street, Apt 2
Dorchester, Ma 02125
339-208-4775
Suelyalves0531@gmail.com

13

## VERIFICATION AND CERTIFICATION

The plaintiff is over the age of 21 and can testify to the truth of this Verified Amended Complaint and has reviewed the Verified Amended Complaint, and plaintiff has personal knowledge, the plaintiff knows or believes them to be true based on specified information, documents, or both.

Pursuant to 28 U.S.C. § 1746(2), I, Suely Alves  hereby states I am willing to testify under oath and hereby declare (or certify, verify or state) under penalty of perjury that the foregoing pleading is true and correct.

Suely Alves /s/ Suely Alves                                         December 16, 2022
19 Ceylon Street, Apt 2
Dorchester, Ma 02125
339-208-4775
Suelyalves0531@gmail.com